# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Case No. 18-4075

RUSSELL G. GREER,
Plaintiff-Appellant,
v.

Gary R. Herbert, *et al.*,
Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

The Honorable Magistrate Dustin B. Pead

Docket No. 2:16-cv-01067 DBP

## BRIEF OF COUNTY DEFENDANTS-APPELLEES

(Oral Argument Not Requested)

Sim Gill (USB #6389)
SALT LAKE COUNTY DISTRICT ATTORNEY
Jacque M. Ramos (USB # 10720) *jmramos@slco.org*
Deputy District Attorneys
35 East 500 South
Salt Lake City, Utah 84111
(385) 468-7700 (telephone)
*Attorney for Defendants-Appellee Sim Gill*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... 1

TABLE OF AUTHORITIES ..................................................... 3

STATEMENT OF RELEVANT LAW, FACTS AND DISPOSITION 6

SUMMARY OF ARGUMENT ................................................ 10

ARGUMENT ......................................................................... 12

I.   STANDARD OF REVIEW ............................................. 14

II.   GREER'S LABEL THAT HIS CLAIMS ARE "AS-APPLIED
TO LICENSED BROTHELS" IS NOT DISPOSITIVE AND
CANNOT OVERCOME THEIR DISMISSAL. ............................. 15

III.   GREER FAILED TO ESTABLISH RIGHTS SECURED BY
THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS. ...... 20

A.   There is No Fundamental Right to Engage in
Prostitution or Its Solicitation. ......................................... 20

B.  There is No Associational Right to Engage in Sex For Hire
in a Brothel. ..................................................................... 23

C.   The District Court Did Not Err Finding that Utah's Laws
Criminalizing Prostitution Are Related to Legitimate
Government Interests When No Fundamental Liberty Interest
is at Stake. ....................................................................... 26

IV.   BECAUSE CLEAR, CONTROLLING LAW CONCERNING
THE CONSTITUTIONALITY OF STATUTES CRIMINALIZING
PROSTITUTION EXISTS NO "ROBUST CONSENSUS OF
PERSUASIVE AUTHORITY" IS REQUIRED. ............................ 27

V.   IN THE ABSENCE OF A CONSTITUTIONAL VIOLATION,
GREER'S CLAIMS UNDER 42 U.S.C. § 1983 AGAINST

**DISTRICT ATTORNEY GILL SHOULD REMAIN DISMISSED WITH PREJUDICE.**................................................................29

**VI.   MR. GREER HAS SHOWN NO REASON WHY JUDGE PEAD SHOULD HAVE BEEN RECUSED FROM THE PROCEEDINGS BELOW.**................................................32

**VII.  GREER LACKED PRUDENTIAL STANDING.** ....................35

**IV.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. GREER A SECOND OPPORTUNITY TO AMEND HIS COMPLAINT.**..........................38

**CONCLUSION**.........................................................................40

**CERTIFICATE OF COMPLIANCE**..................................................42

**CERTIFICATE OF COMPLIANCE**..................................................43

**CERTIFICATE OF SERVICE**.......................................................44

# TABLE OF AUTHORITIES

## Cases

*832 Corp. v. Glouster Twp.*, 404 F. Supp 2d 614 (D.N.J. 2005) ...............21

*Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909 (D. Utah 2007) .29

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).......................18, 20

*Bensing v. United States*, 551 F.2d 262, 265 (10th Cir. 1977) .................22

*Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011) .......................29

*Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 660
  (10th Cir. 2002)................................................................................32

*Carey v. Population Services International*, 431 U.S. 678, 684-686 (1977)
  ........................................................................................................20

*Colorado Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1397-1398 (10th
  Cir. 1992)........................................................................................36

*Coyote Publ. Inc. v. Mille*, 598 F.3d 592, 596, 603 (9th Cir. 2010) ...10, 19,
  25

*Doe v. Reed*, 561 U.S. 186, 194 (2010)....................................................17

*Erotic Serv. Provider Legal Education & Research Project v. Gascon*,
  880 F.3d 450, 457 (9th Cir. 2018) ...................................................10, 25

*Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir.
  2001)................................................................................................33

*FCC v Beach Commc'ns, Inc.*, 508 U.S. 307...........................................25

*Feminist Women's Health Ctr. v. Codispoti,* 69 F.3d 399, 400-01 (9th
  Cir. 1995) .......................................................................................33

*Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 841 (10th Cir.
  2005)...........................................................................................37, 38

*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)...........................38

*Hoye v. City of Oakland*, 653 F.3d 835, 857-858 (9th Cir. 2011..........17, 18

*Idaho v. Freeman*, 507 F. Supp. 706, 729 (D. Idaho 1981) ....................33

*IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1193 (9th Cir. 1988) .........23

*Kemmerer Coal Co. v. Brigham Young University*, 723 F.2d 54, 57 (10th Cir. 1983)..................................................................................34

*Kitchen v. Herbert*, 961 F. Supp. 2d 1181 (U.S. Dist. Ct. Utah, Dec. 20, 2013)..................................................................................23

*Lawrence v. Texas*, 539 U.S. 558, 567-568, 578 (2003); ..................... 20, 22

*Liteky v. United States*, 510 U.S. 540, 555 (1994) ...................................34

*Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)..................................................................................32

*McGowan v. Maryland*, 366 U.S. 420, 429 (1961) ....................................34

*Menora v. Ill. High Sch. Ass'n*, 527 F. Supp. 632, 634 (N.D. Ill. 1981)..33

*Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)............................31, 33

*Obergefell v. Hodges*, 135 S. Ct. 2584, 2589 (2015)..................................22

*Pahls*, 718 F.3d at 1225-26.......................................................................29

*People v. McEvoy*, 215 Cal. App. 4th 431, 439-440 (2013) .......................21

*People v. Williams*, 811 N.E.2d 1197 (Ill. App. 2004) ..............................21

*Planned Parenthood v. Casey*, 505 U.S. 833, 851 (1992) .........................20

*Plyler v. Doe,* 457 U.S. 202 (1982).............................................................26

*Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)................29

*Roberts v. United States Jaycees*, 468 U.S. at 618-19, 620 ...............23, 24

*Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1155 (10th Cir. 2006)........29

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976) ..................36

*Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984) ..........................32

*State v. Romano*, 155 P.3d 1102, 1109-1112 (Haw. 2007) .......................21

*Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) ....................................................................30

*Supreme Court*, 839 F.3d at 914 .............................................................16

*Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir.1998) ..................................................................................29

*United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)..............33

*United States v. Pickard*, 100 F. Supp. 3d 981, 1005 (E.D.Cal. April 17, 2015)..................................................................................26

*United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007)..................17

*United States v. Supreme Court*, 839 F.3d 888, 907, 914 (10th Cir. 2016) ............................................................................................15, 17

*United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ................31

*Utahns for Better Transp. v. U.S. Dep't. of Transp.*, 305 F.3d 1152, 1169 (10th Cir. 2002) ................................................................37

*Utahns v. Barton*, 778 F. Supp. 2d 1258, 1263 (Dist. Ct. Utah, March 21, 2011)............................................................................................17

*VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017)......................................................................................34, 35

*Warth v. Seldin*, 422 U.S. 490, 498-499 (1975), quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962).......................................................36

*Wash. v. Glucksberg*, 521 U.S. 702, 720-21 (1997). ...............................20

Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013) .......................29

## Rules

Fed. R. Civ. P. 15(a) ................................................................................32

Fed. R. Civ. P. 15(b) ................................................................................32

Fed. R. Civ. P. 12(b)(6)........................................................................9, 10

## Federal Statutes

28 U.S.C.S. § 455(a)............................................................................5, 25

42 U.S.C. § 1983................................................................................5, 23

## State Statutes

Utah Code § 47-1-1..........................................................................5, 7, 16

Utah Code § 76-10-1302-1305...................................................5, 6, 15, 16

Utah Code §76-10-1302-1308............................................................5, 7

## STATEMENT OF PRIOR OR RELATED CASES

There are no prior appeals.

## STATEMENT OF RELEVANT LAW, FACTS AND DISPOSITION

Prostitution, the solicitation of prostitution, and forming a business for the purpose of prostitution are crimes in Utah.  UTAH CODE ANN. §§ 76-10-1302-1305, 47-1-1 (collectively "Utah Prostitution and Brothel Laws").  Appellant, Russell G. Greer ("Greer") seeks to strike down those Utah statutes that criminalize the act of prostitution, solicitation of a person to engage in prostitution, and opening a business for that purpose, because Mr. Greer wants to provide safe and legal "access to intimacy" through a Utah sanctioned brothel called The Mile High Neon. (R. 221 ¶47, R. 222 ¶¶ 50 – 52).

Greer was born with Mobius Syndrome, a neurological condition that causes facial paralysis and prohibits him from closing his lips or moving his eyes sideways. (R. 210 ¶8). Greer's disability causes significant physical and social challenges for him. *Id.* Consequently, he claims, in order to "feel loved", he solicits individuals at brothels in Nevada, where prostitution is legal, and in Utah, where prostitution is criminalized. (R. 210 ¶8, R. 214 ¶20, R. 216 ¶ 25, R. 219-220 ¶34-36).

Over time, traveling to Nevada became financially prohibitive. (R. 220 ¶39-40).  Now, Greer alleges he is "forced" to seek paid intimacy in Utah causing him to live in fear of being victimized, criminally prosecuted, and exposed to a greater risk of contracting a sexually transmitted disease. (R. 220-221 ¶¶ 41-44).  Mr. Greer decided that it was time to legalize prostitution in Utah to address these concerns for himself and others. (R. 221-222 ¶¶47, 50-52).

His effort towards to legalizing prostitution in Utah began when Greer submitted an online application with the State of Utah to obtain a business license for The Mile High Neon.  (R. 222 ¶¶ 51 – 54).  On December 29, 2015, the State provided Greer "numbers for his business registration and the appropriate documents to file[.]" (R. 222 ¶ 54).  However, two weeks later, on January 14, 2016, Mr. Greer received notice from Kathy Berg, Director of Utah's Division of Commerce, that his registration was immediately revoked because it was for an "an illegal business purpose." (R. 223 ¶ 55).

In response, on October 18, 2016, Greer brought a Complaint for Declaratory and Injunctive Relief ("Complaint") against several

individual defendants from the State of Utah, Salt Lake County, and

Salt Lake City challenging the constitutionality of portions of Utah

Code sections 76-10-1301, *et seq.* criminalizing prostitution, solicitation,

and the operation of brothels.  (R. 12 – 48); UTAH CODE ANN. §§76-10-

1302 – 1308 (criminalizing prostitution and solicitation) and § 47-1-1

(declaring brothels a nuisance). At the time of filing his complaint, all

parties to the suit consented to United States Magistrate Judge Dustin

B. Pead conducting all proceedings, including entry of final judgment,

with appeal to the United States Court of Appeals for the Tenth Circuit.

(R. 361, n. 1).

Subsequently, Greer sought and was granted leave from the

District Court to incorporate relevant statutory amendments. (R.207-

244).  On September 12, 2017, Greer filed his Supplemental Complaint

for Declaratory and Injunctive Relief against Defendants/Appellees

Governor Gary Herbert, Utah Attorney General Sean Reyes, and Utah's

Director of the Division of Corporations and Commercial Code Kathy

Berg (collectively "State Defendants/Appellees"), Salt Lake County

District Attorney Sim Gill (Gill), Salt Lake County Mayor Ben

McAdams (McAdams) and Salt Lake Director of Planning Rolen Yoshinaga (Yoshinaga) (collectively "County Defendants/Appellees")[1], and Salt Lake City Mayor Jackie Biskupski and Salt Lake City Business Licensing Manager James Allred (collectively "City Defendants/Appellees"). *Id*.

In response, the State, County, and City Defendants/Appellees sought dismissal of Greer's claims for failure to demonstrate standing, state a claim or establish a constitutional violation, among other arguments. (R. 246-305). After a full briefing[2], including supplemental briefing requested by the court, on May 8, 2018, the district court entered a Memorandum Decision & Order dismissing with prejudice the

---

[1] Mr. Greer included the County Defendants/Appellees – only one of which remains a party to this appeal-due to his concern over criminal prosecution or a related administrative enforcement action. (R. 233 ¶97, R. 239 ¶113).

[2] Mr. Greer did not respond to any of the arguments raised by the Appellant County in the district court below and therefore the district court could have dismissed on purely procedural grounds. (R. 364, n. 22).

entirety of Greer's amended complaint.  (R. 359-388). Mr. Greer filed a

timely appeal. (R. 390-392).[3]

## SUMMARY OF ARGUMENT

Mr.  Greer contends the district court erred in dismissing his

claims because Utah's Prostitution and Brothel laws violate the right to

sexual privacy, equal protection of the law, freedom of ("intimate")

association and are unconstitutionally vague.[4]  The district court's

dismissal of Greer's claims was proper.  There is no fundamental right

---

[3] On August 7, 2018, Greer entered into a joint stipulation to dismissal
on appeal for Defendants-Appellees Jackie Biskupski and James Allred
that was granted the same day. *See*, Order, August 7, 2018, Document:
010110034058; On September 10, 2018, Greer also entered into a joint
stipulation to dismiss on appeal, Salt Lake County Mayor Ben
McAdams and Rolen Yoshinaga.  Dismissal of County
Defendants/Appellees McAdams and Yoshinaga was entered on
September 11, 2018.  *See*, Order, September 11, 2018, Document
010110050525.
[4] The Supplemental Complaint for Declaratory and Injunctive Relief that
Mr. Greer filed in the district court below asserted that Utah's law violate
(1) Mr. Greer's Fourteenth Amendment rights to  sexual privacy; equal
protection;  and  to earn a living; (2) his First Amendment right to
Freedom of Association and (3) the Utah Constitution. (R.229-241).
Respecting new laws passed during the pendency of this action, Mr.
Greer complained those laws are unconstitutionally vague. (R. 241-243).

to engage in prostitution or to solicit prostitution.  And the relationship

between a prostitute and client is not a protected intimate association

under the Fourteenth Amendment. Because this case involves neither a

fundamental right nor protected association, the standard of review of

the implicated statutes is rational basis, not heightened or strict

scrutiny.

The State of Utah has an interest in "deterring the

commodification of sex[,]" deterring trafficking in women and children,

"violence against women, illegal drug use, and sexually transmitted

disease." (R. 379-380). To this end, the district court's order is sound

and in line with the determinations of other federal courts respecting

the legitimate harms arising from prostitution and its solicitation. *Id.*

(citing *Coyote Publ. Inc. v. Mille*, 598 F.3d 592, 603 (9th Cir. 2010) and

*Erotic Serv. Provider Legal Education & Research Project v. Gascon*,

880 F.3d 450, 457  (9th Cir. 2018)).  Because Utah's Prostitution and

Brothel Law are constitutional, this Court should reject Greer's

contentions on appeal and uphold the order dismissing Greer's

complaint in its entirety.[5]

## **ARGUMENT**

Below, Greer mounted several challenges to Utah's Prostitution

and Brothel laws claiming violations of (1) the right to sexual privacy, (2)

equal protection of the laws; (3) the right to earn a living, (4) freedom of

association, (5) Article I, Section 7 of the Utah Constitution, and (6)

prohibitions on vagueness. (R. 229-242, 375).  However, each provision

that Greer challenges was found by the district court to be

"constitutionally sound" and incapable of "serv[ing] as the grounds for

redress of Greer's § 1983 claims." (R. 375).  Greer does directly

---

[5] Greer did not raise on appeal that the District Court erred in holding
that "[b]ecause Utah's Prostitution and Brothel laws are
constitutional[ly] [sic] sound, they cannot serve as grounds for redress
of Greer's § 1983 claims." (R. 375). Greer solely focuses on the
constitutionality of the relevant statutes and asserts policy based
arguments why an exception to prostitution should exist to permit
licensed brothels. *See generally*, Appellant's Brief. Having failed to raise
this argument in his opening brief on appeal, it is thereby waived.
*Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1268
(10th Cir. 2016).

challenge that finding here, but advances multiple, alternative grounds on appeal. To the extent Greer has failed to challenge the actual basis on which the district court's decision rests, that argument has been waived. *Home Loan Inv. Co.*, 827 F.3d at 1268 (citing Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007).

Greer argues the decision below is fundamentally flawed because: (1) the district court improperly treated his constitutional challenges as "facial" rather than "as-applied"; (2) the right to engage in sex for money is within the "zone of privacy" and a "subtle" fundamental right protected by the Constitution; (3) the right to enjoy paid-for intimate association is a fundamental right; (4) review of his constitutional claims requires a higher level of scrutiny; (5) the decision was not based upon a "robust consensus of persuasive authority"; (6) he should have been allowed to amend; and (7) religious bias by the appointed judge who rendered the decision. Appellant's Brief at pp. 14-35. Greer is mistaken.

## I.    STANDARD OF REVIEW.

Below, the district dismissed all of the Mr. Greer's claims under Federal Rule 12(b)(6) because none stated a claim that would entitle Mr. Greer to relief as a matter of law. (R. 359-388).  This Court reviews a Rule 12(b)(6) dismissal de novo, *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015), and in doing so accepts all well-pleaded allegations as true, construing them in the light most favorable to Mr. Greer. *Id.* Under Rule 12(b)(6), a motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).    "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

To survive a motion to dismiss, a plaintiff's complaint must allege enough facts, taken as true, to make his claim for relief "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  This

requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (holding the court "need not accept conclusory allegations without supporting factual averments"). Although all well-pleaded facts in the complaint are presumed true, conclusory allegations—allegations that "do not allege the factual basis" for the claim—will not be considered. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir.1995).

## II.    GREER'S LABEL THAT HIS CLAIMS ARE "AS-APPLIED TO LICENSED BROTHELS" IS NOT DISPOSITIVE AND CANNOT OVERCOME THEIR DISMISSAL.

Mr. Greer contends the district court erred in dismissing his claims because the court failed to address his statutory challenges as "as-applied" to houses of prostitution as opposed to treating his claims

as "facial" challenges to illegalization of prostitution, generally.

Appellant's Brief at pp. 20-32.  Specifically, Mr. Greer argues his

constitutional challenges are "only as-applied to licensed brothels" and

under such as-applied analysis his complaint states cognizable claims.

*Id*. Specifically, he asserts that the district court conducted a facial

analysis that improperly lumped "all prostitution conduct together."  *Id*.

at p. 22.

The district court found that Greer's Complaint exhibited

characteristics of both facial and as-applied challenges. (R. 376).  The

district court explained, however, Greer's labels were not dispositive

when considering whether the Utah statutes were constitutional. (R.

377). Rather, the inquiry of whether the challenges to statutes are "as-

applied" or "facial" rests on "whether the claim[s] and the relief therein

extend beyond the plaintiff." *United States v. Supreme Court*, 839 F.3d

888, 914 (10th Cir. 2016).  When the claim or relief extend beyond the

events related to the particular party "facial standards are applied but

only to the universe of applications contemplated by plaintiff's claim,

not to all conceivable applications contemplated by the challenged

provision." *Supreme Court*, 839 F.3d at 914.

Greer's claims clearly reach beyond the facts of his particular

situation and extend generally to "many persons in Utah." (R. 377).

Greer does not simply complain of his singular right to open a brothel or

to frequent a brothel opened by others, but he contends that brothels

should be licensed in Utah so they may serve Mr. Greer's alleged right

to sexual intimacy, as well as the rights others like him. (R. 207-242 at

¶¶ 96, 102-103, 105 (applying to persons with physical disabilities), 111,

117). And although Mr. Greer attempts to frame his challenge as

addressing only the "unconstitutional" prohibition against licensed

brothels, not the prohibition against prostitution, writ large, that is a

distinction without a difference as the *relief* requested—an exception to

the ban on prostitution—extends beyond the denial of Mr. Greer's

business license application or his fear of prosecution for engaging in

commercial sex.  Because in the context of this appeal, Mr. Greer's

chosen label is not what matters, but context matters, the district

court's order treating substantive due process challenges for the right to

sexual privacy and to earn a living, right to free association, and equal protection, among others, is sound.  It should be upheld. *Supreme Court*, 839 F.3d at 907 (10th Cir. 2016); *Doe v. Reed*, 561 U.S. 186, 194 (2010)("the label is not what matters"); see also *Utahns v. Barton*, 778 F. Supp. 2d 1258, 1263 (D. Utah, 2011).

What's more and even assuming Greer's challenges are "as-applied" dismissal is still warranted. An as-applied challenge to the constitutionality of a statute contends that the law is unconstitutional as applied to the litigant's particular activity, even though the law may be capable of valid application to others.  *Supreme Court*, 839 F.3d at 907, quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007). But, an as-applied challenge necessarily fails when the fact situation alleged "is the core fact situation intended to be covered by [the statute], and it is the same type of fact situation that was envisioned by the court when the facial challenge was denied. *Hoye v. City of Oakland*, 653 F.3d 835, 857-858 (9th Cir. 2011.  That is the case here.

Mr. Greer makes no allegation the challenged laws have been enforced against him in a constitutionally impermissible way. Nor does

he allege the challenged statutes are otherwise permissible, but

unconstitutional only as applied to his particular, unique circumstances.

Mr. Greer alleges only that if he engages in solicitation or prostitution in

the future, it constitutes a crime and he may be subject to prosecution.

(R. 223 & 239 at ¶¶ 58, 113, respectively).  Mr. Greer's situation is not

unique. But the behavior he describes and the fear of prosecution that

accompanies it is the core fact situation intended to be covered by Utah

Code §§ 76-10-1302-1305, and § 47-1-1. Further, even if Mr. Greer's

allegations could be construed as identifying specific future activity, and

they cannot, the claims are speculative and not ripe, and do not state a

cognizable claim for relief.  *Hoye,* 653 F.3d at 857-58 (the court generally

declines to entertain an as-applied challenge that would require it to

speculate as to prospective facts); *Legal Aid Serv. v. Legal Servs. Corp.*,

608 F.3d 1084, 1096-97 (9th Cir. 2011)( enforcement actions against

others is not tantamount to an enforcement action against plaintiffs and

does not support an as-applied challenge); *see also Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) (complaint must allege facts

sufficient to "raise a right to relief above the speculative level").

## III.    GREER FAILED TO ESTABLISH RIGHTS SECURED BY THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS.

Greer describes the fundamental right impaired by the Utah law as the right to engage in one's own private sexual conduct for a fee within a designated location. Appellant's Brief at 23-24, 27-29.  But the liberty interest at stake and that Greer actually seeks to have this Court declare as fundamental is the right to engage in prostitution.  To be clear, this case is not about whether the state can criminalize sex; rather it is about whether the state can criminalize (and the district attorney enforce the state's statutes that criminalize) the purchase and sale of sex. See e.g. *Coyote Publ'g, Inc. v. Miller*, 598 F.3d 592, 596 (9th Cir. 2010) ("[P]rohibitions on prostitution reflect not a desire to discourage the underlying sexual activity itself but its sale.") (emphasis in original). There is no fundamental right to engage in prostitution or to solicit it.

### A. There is No Fundamental Right to Engage in Prostitution or Its Solicitation.

No court has recognized prostitution or its solicitation as a fundamental right or liberty that is "objectively, 'deeply rooted in this Nation's history and tradition." *Wash. v. Glucksberg*, 521 U.S. 702, 720-

21 (1997). Additionally, there is not a trend toward legalizing prostitution. Nevada is and remains the only state to accommodate prostitution under limited circumstances. See e.g. *Coyote Publ'g,* , 598 F.3d at 596 (the State of Nevada remains alone among the states that accommodates prostitution by permitting the sale of sexual services in some of its counties.) Indeed, in Utah specifically, prostitution has been a crime since at least 1953 when Utah's laws first became codified. UTAH CODE ANN. §§ 76-10-1302-1305, 47-1-1 (1953, as amended).

While the Supreme Court has discussed a general right to sexual privacy, it has not recognized a privacy right to engage in commercial sex. *Roe v. Wade*, 410 U.S. 113, 152-53 (1973); *Planned Parenthood v. Casey*, 505 U.S. 833, 851 (1992) (privacy rights recognized as fundamental are "personal decisions relating to marriage, procreation, contraception, family relationships, child rearing and education."); *Carey v. Population Servs. Int'l.,* 431 U.S. 678, 684-686 (1977); *Lawrence v. Texas*, 539 U.S. 558, 578 (2003)(declining to acknowledge that its decision striking down Texas' law prohibiting homosexual sodomy involved prostitution.). In fact, as the district court referenced, no

decisions following the United States Supreme Court's decision in *Lawrence v. Texas* have extended to prostitution or the other types of consensual sexual conduct the *Lawrence* Court disclaimed, rather they have upheld its limiting effect.  (R. 378-79, n. 83); *see also People v. McEvoy*, 215 Cal. App. 4th 431, 439-440 (2013)( criminalization of incest between consenting adults does not violate the due process rights explicated in *Lawrence*); *State v. Romano*, 155 P.3d 1102, 1109-1112 (Haw. 2007)(Hawaii's prostitution statute did not violate defendant's right to privacy under the due process clause); *832 Corp. v. Glouster Twp.*, 404 F. Supp 2d 614 (D.N.J. 2005)(a police raid on a club where patrons engaged in consensual sex was not a violation of substantive due process); *People v. Williams*, 811 N.E.2d 1197 (Ill. App. 2004)(*Lawrence* did not apply to legalize acts of prostitution).

Accordingly, Mr. Greer cannot reasonably claim under any controlling precedent that his right to pay for sex is fundamental, or even quasi-fundamental.   Moreover, contentions that *Lawrence v. Texas* is no longer binding wholly lacks merit and merely amounts to a policy argument better suited for the Legislature. *Id*.; (R. 387)("Greer's policy

based claims do not control and it is not the role of this Court 'to weigh
the wisdom of the legislation.")(citing *Bensing v. United States*, 551 F.2d
262, 265 (10th Cir. 1977)).

B. **There is No Associational Right to Engage in Sex For Hire
in a Brothel**.

Citing *Lawrence v. Texas* as controlling and persuasive on this
issue, Mr. Greer also attempts to correlate the right to buy and sell sex to
a same-sex couple's fundamental right to enjoy intimate association.
Appellant's Brief at pp. 27-29.  While the Court in *Lawrence* recognized
that relationships protected by the Due Process Clause were not limited
to marital relationships, and declined to set the exact boundaries of the
term "relationship," it was focused on personal relationships, <u>not
commercial ones</u>. *Lawrence*, 539 U.S. at 567-568; *see also Obergefell v.
Hodges*, 135 S. Ct. 2584, 2589 (2015).  Specifically, the Supreme Court
stated:

> [i]t suffices for us to acknowledge that adults may choose to
> enter upon this relationship in the confines of their homes and
> their own private lives and still retain their dignity as free
> persons. When sexuality finds overt expression in intimate
> conduct with another person, the conduct can be but one
> element in a personal bond that is more enduring. The liberty

protected by the Constitution allows homosexual persons the
right to make this choice.

*Lawrence*, 539 U.S. at 567.   The relationships described in *Lawrence* and

protected by the Fourteenth Amendment "are those that attend the

creation and sustenance of a family" and similar "highly personal

relationships." *Roberts v. United States Jaycees*, 468 U.S. 609, 618-19

(1984).   "The individuals are deeply attached and committed to each

other as a result of their having shared each other's thoughts, beliefs,

and experiences. By the very nature of such relationships, one is

involved in a relatively few intimate associations during his or her

lifetime." *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1193 (9th Cir.

1988)(holding relationship between paid escort and client is not

protected by the Fourteenth Amendment)(*Roberts*, 468 U.S. at 619-620);

*see also Kitchen v. Herbert*, 961 F. Supp. 2d 1181 (U.S. Dist. Ct. Utah,

Dec. 20, 2013). Resonate here, the Ninth Circuit Court in *IDK, Inc.,*

stated:

> [T]he relationship between escort and client possesses few, if
> any, of the aspects of an intimate association. It lasts for a
> short period and only as long as the client is willing to pay the
> fee. Although a client may have some choice as to the person

he or she wishes as a companion, the escort must accompany whomever the employer selects. Escorts and their clients do not claim to be involved in procreation, raising and educating children, cohabitation with relatives, or the other activities of family life. An escort may be involved with a large number of clients. While we may assume that the relationship between them is cordial and that they share conversation, companionship, and the other activities of leisure, we do not believe that a day, an evening, or even a weekend is sufficient time to develop deep attachments or commitments. *In fact, the relationship between a client and his or her paid companion may well be the antithesis of the highly personal bonds protected by the fourteenth amendment.* These are not the ties that "have played a critical role in the culture and traditions of the Nation by cultivating and transmitting shared ideals and beliefs."

836 F.2d at 1193 (emphasis added)(quoting *Roberts*, 468 U.S. at 618-19).

Similar to the escort and its client, the association between a prostitute and client cannot and should not been given fundamental right protections.

   In sum, neither the right to engage in sex for a fee nor to associate with a prostitute to engage in sex for fee are fundamental rights afforded protection under the Federal Constitution or its corresponding state constitutional provisions.  Accordingly, without fundamental liberty interests at issue, rational basis review was properly applied to Mr. Greer's constitutional claims.  (R. 379 at p. 21).

**C. The District Court Did Not Err Finding that Utah's Laws Criminalizing Prostitution Are Related to Legitimate Government Interests When No Fundamental Liberty Interest is at Stake.**

Rejecting Mr. Greer's arguments below, the district court correctly determined that that when passing the laws at issue, the Utah Legislature had a "reasonably conceivable state of facts that could provide a rational basis for the classification." (R. 379-381); *See FCC v Beach Commc'ns, Inc.*, 508 U.S. 307. Convincingly, the district court found, Utah's Prostitution and Brothel Laws are rationally related to the State of Utah's interest in "deterring the commodification of sex[,]" deterring trafficking in women and children, "violence against women, illegal drug use, and sexually transmitted disease" interests that have been determined by other federal courts as legitimate harms arising from prostitution and its solicitation. (R. 379-380)(citing *Coyote Publ. Inc.*, 598 F.3d at 603 and *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 457 (9th Cir. 2018).

Mr. Greer does not dispute these legitimate governmental interests. Appellant's Brief at pp. 29 – 31. Rather, he argues that "a more searching form of rational basis for review should be applied[.]"

26

Appellant's Brief at p. 29.  Arguably, this more rigorous standard "(sometimes referred to as 'rational basis with a bite') has been applied in other situations such as where important but not fundamental rights or sensitive but suspect classifications are involved." *United States v. Pickard*, 100 F. Supp. 3d 981, 1005 (E.D.Cal. 2015)(internal citations omitted).  However, in nearly all the cases that have employed this heightened review "involve situations where a legislative classification appears to have been based on animus or a desire to harm a politically unpopular group." *Id.*; *see also*, *Plyler v. Doe,* 457 U.S. 202 (1982).

Here, there is no allegation that Utah's Prostitution and Brother Laws are based on animus or a discriminatory legislative purpose.  Nor is there evidence that Greer is a member of a politically unpopular group targeted by the Utah legislature.  Accordingly, Greer has not set forth any justification under precedent, persuasive or otherwise, for applying a more rigorous rational basis review. *Pickard,* 100 F.Supp.3d. at 1005.

IV.    **BECAUSE CLEAR, CONTROLLING LAW CONCERNING THE CONSTITUTIONALITY OF STATUTES CRIMINALIZING PROSTITUTION EXISTS NO "ROBUST CONSENSUS OF PERSUASIVE AUTHORITY" IS REQUIRED.**

In one of his more creative claims, Mr. Greer contends that in the absence of a United States Supreme Court case or similar decision from the Utah State Supreme Court regarding the constitutionality of Utah's Prostitution and Brothel Laws, before dismissing his case the district court was required to find that its decision was supported by the "robust consensus of persuasive authority" elsewhere. Namely, with no authority of his own to support it, Mr. Greer contends that the district court was required to "go further and search for authority, domestic and foreign" before dismissing his complaint. This claim lacks merit. For, "[It is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). S*ee also Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 841 (10th Cir. 2005). But more than that, the district court's Ruling and Order *is* fraught with citations to controlling precedent and persuasive authority to support dismissal of Greer's claims. (R. 359 – 388). Mr. Greer has not shown that the authority on which the district court's decision is based is wrong or been overturn. He has also not pointed to any authority – domestic or foreign – that points to a "robust

consensus" in his favor.  But the weight of authority, and the cases on which the district court's decision rests, disclaim a right to engage in prostitution or to solicit that is protected by the federal Constitution or Utah's comparative constitutional provisions.  That decision is sound.  It should be upheld.

## V.   IN THE ABSENCE OF A CONSTITUTIONAL VIOLATION, GREER'S CLAIMS UNDER 42 U.S.C. § 1983 AGAINST DISTRICT ATTORNEY GILL SHOULD REMAIN DISMISSED WITH PREJUDICE.

For the sole remaining County Defendant/Appellee, District Attorney Sim Gill ("Gill") to be held liable under 42 U.S.C. § 1983, Mr. Greer must show that Gill "subjected or caused [Greer] to be subjected….to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  *Id.*  In the context of a civil rights action against multiple individual governmental actors, liability must be predicated on an individual defendant's personal involvement in the constitutional violation.  *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  "It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the

claims against him or her." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (emphases in original) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)); *see also Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909 (D. Utah 2007) (quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1155 (10th Cir. 2006) ("In any § 1983 action, the plaintiff must demonstrate the liability of each . . . official against whom a claim is made," and "the burden is on the plaintiff to develop facts that show the defendant's responsibility for a constitutional violation.")).

Indeed, this Court has found:

> When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls*, 718 F.3d at 1225-26 (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir.1998); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011)). "Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 or *Bivens* claim.'" *Tonkovich*, 159 F.3d at 532 (emphasis added); *see also Glaser v. City & County of Denver*, 557 F.

App'x 689, 702 (10th Cir. 2014) (plaintiff's "undifferentiated contentions" failed to specify what each of the individual defendants named in his claim specifically did or said). Greer failed to make any specific allegations as to what Gill did to deprive him of his constitutional rights. Additionally, "a § 1983 plaintiff must show an affirmative link between a defendant's conduct and a constitutional violation, and that affirmative link must be alleged in the complaint as well as proven at trial." *Auvaa*, 506 F. Supp. 2d at 909-10 (quoting *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001)).

On appeal below, apart from his generalized concern over criminal prosecution, Mr. Greer has failed to make the necessary affirmative link between Gill's conduct and any alleged constitutional violation. But Mr. Greer has failed, still, to show that he has a constitutional right to engage in sex for a fee or to open a brothel. An even if that burden had (or could) be overcome, Mr. Greer has not pointed to any conduct by DA Gill that would violate the same. Absent an affirmative link in the

Complaint between Gill's conduct and a constitutional violation, the

Section 1983 claims cannot withstand dismissal.

## VI.    MR. GREER HAS SHOWN NO REASON WHY JUDGE PEAD SHOULD HAVE BEEN RECUSED FROM THE PROCEEDINGS BELOW.

Federal law requires that a judge shall disqualify himself "in any

proceeding in which his impartiality might reasonably be questioned."

28 U.S.C.S. § 455(a). "This requirement is intended 'to promote

confidence in the judiciary by avoiding even the appearance of

impropriety whenever possible." *United States v. Wells*, 873 F.3d 1241,

1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787

F.3d 1297, 1310 (10th Cir. 2015).

Although Judge's "have a strong duty to recuse when

appropriate," they also have "a strong duty to sit, and the statute

[requiring recusal] shall '*not* be so broadly construed that it becomes, in

effect, presumptive so that recusal is mandated upon the merest

unsubstantiated suggestion of personal bias or prejudice.'" *United*

*States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (emphasis in

original) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Therefore, a charge of partiality must be supported by a factual basis and the factual basis must be viewed through the lens of a well-informed, thoughtful, and objective member of the public. *Wells*, 873 F.3d at 1251 (citing *Huff & Puff Trucking, Inc.*, 787 F.3d at 1310 (citation omitted).

For the first time on appeal, Mr. Greer complains that the Honorable Dustin Pead, should have *sua sponte* recused himself from the matter "due to his religious beliefs." (Appellant's Brief at p. 17.)  As the sole basis for his complaint, Mr. Greer surmises because Judge Pead was and "is presumably still a devout Mormon" he "could not and cannot give a favorable ruling to appellant in good conscience and good faith without violating his religious beliefs." (Appellant's Brief at p. 18.)  In other words, it is Judge Pead's membership in the LDS faith that creates an appearance of bias mandating recusal.  Long standing precedent, however, has "consistently held that membership in a church does not create sufficient appearance of bias to require recusal." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 660 (10th Cir. 2002) (citing  *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984);

*Feminist Women's Health Ctr. v. Codispoti,* 69 F.3d 399, 400-01 (9th Cir. 1995); *Menora v. Ill. High Sch. Ass'n*, 527 F. Supp. 632, 634 (N.D. Ill. 1981); *Idaho v. Freeman*, 507 F. Supp. 706, 729 (D. Idaho 1981); *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) (stating "[f]actors that do not merit disqualification include: rumor, speculation, beliefs, conclusions, or other non-factual matters.") (citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)

Moreover, although Mr. Greer contends that Judge Pead's impartiality might reasonably be questioned because of his "open LDS religious beliefs" which Mr. Greer extrapolated from statements in the 2005 Federal Reporter – Mr. Greer easily could have known of Judge Pead's religious beliefs and refused to consent to his hearing these matters.  He did not. Rather, he actively chose to consent his hearing and deciding the matter. (R. 361, n. 1).

Now, presumably motivated by the adverse ruling, Mr. Greer brings the motion. However, unfavorable judicial rulings "'[a]lone almost never constitute a valid basis for a bias or impartiality motion'"

34

because "[i]n and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Despite Mr. Geer's pontification that Judge Pead's thirty page opinion was "hastily and lazily given" and "completely glossed over key arguments." (Appellant's Brief at p. 18.) Judge Pead's decision and order, was pointed, supported, and contained a thorough substantive analysis of Mr. Greer's claims. (R. 359-388).   Without more than bare accusations, recusal is unjustified and unwarranted.

## VII.  GREER LACKED PRUDENTIAL STANDING.

The law is clear that "[a] litigant may only assert his own constitutional rights or immunities." *Kemmerer Coal Co. v. Brigham Young University*, 723 F.2d 54, 57 (10th Cir. 1983) (quoting *McGowan v. Maryland*, 366 U.S. 420, 429 (1961)); *see also VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017)(internal citations

omitted).  Mr. Greer cannot bring suit to enforce the rights of others.  *VR Acquisitions,* 853 F.3d at 1146.

Despite these clear limits to the court's jurisdictional powers, Mr. Greer asserts the district court erred in refusing to find prudential standing for *potential* "members [of The Mile High Neon] due to the amount of planning and affirmative action he put into starting the [prostitution] business." Appellant's Brief at p. 20.  Specifically, Mr. Greer claims he has standing to advance an equal protection claim as a future brothel owner on behalf of unidentified, potential, *future* brothel employees because these individuals have "expressed interest in working at and helping run the [Mile High Neon] brothel had it been allowed to open." Appellant's Brief 19.  However, an unestablished business owner of no discernable "association" or "members" does not have standing to sue in their own right.

Additionally, assuming *arguendo* that an indiscernible unestablished business may have standing under the circumstances presented here, "an association has standing to bring suit on behalf of its members [only] when: (a) its members would otherwise have standing to

sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit." *Colorado Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1397-1398 (10th Cir. 1992). Thus, in order to have prudential standing for these "members," Mr. Greer must demonstrate that the future "members" have "'a personal stake in the outcome of the controversy' as to warrant invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on their behalf." *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

An abstract, shared potential interest in promoting legalizing commercial sex through a brothel "that could be affected by an adjudication does not substitute for the concrete injury required by Art. III." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976).  Where, as here, the alleged injury to the unidentified potential future members or employees is merely a "generalized grievance" that is shared in substantially equal measure by all potential, future "members" or

"employees" will not and cannot warrant a finding of the "members"
personal stake in the outcome of the litigation.  Accordingly, Greer
cannot assert prudential standing on behalf of unidentified future
members or employees of the Mile High Neon.

## IV.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. GREER A SECOND OPPORTUNITY TO AMEND HIS COMPLAINT.

As a final argument, Mr. Greer submits that he should have been
afforded an opportunity to amend for clarification "any arguments Greer
may not have listed clearly or coherently" as a pro se litigant.
Appellant's Brief at p. 35.  However such assertion is devoid of any
analysis or citation to legal authority. *Id.* Under such circumstances, this
Court should decline to consider this bald assertion and consider the
argument waived for lack of properly briefing.   *Utahns for Better
Transp. v. U.S. Dep't. of Transp.*, 305 F.3d 1152, 1169 (1oth Cir. 2002)(
an argument consisting entirely of conclusory statements and unhelpful
citations was deemed waived for failure to brief); *Garrett v. Selby Connor
Maddux & Janner*, 425 F.3d 836, 841 (10th Cir. 2005)(a pro se litigant's

argument consisting entirely of conclusory statements and unhelpful citations deemed waived for failure to adequately brief.).

Setting aside that Greer waived this argument on appeal for lack of briefing, Mr. Greer was properly denied the right to amend again his complaint. Although, in general, "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers[,]" they are not excused from compliance with minimal pleading requirements. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding the alleged injury, and he must provide facts if the court is to determine whether he makes out a claim on which relief can granted." *Hall*, 935 F.2d at 1109. Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." Id at 1110. Thus the Court, appellate or otherwise, cannot "construct a legal theory for plaintiff that assumes facts that have not been pleaded" or arguments not properly briefed. *Id*; *see also*, *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 841 (10th Cir. 2005).

Lastly, Mr. Greer also complains that he was denied an opportunity to amend his complaint and was "only allowed to supplement." Appellant's Brief at p. 35.  However, on June 10, 2017, Mr. Greer specifically filed his Motion for Leave to File a **Supplemental** Complaint that the Court granted in part and denied part. (R. 207- 244, R. 363-364)(emphasis added). Mr. Greer cannot reasonably or justifiably contend that he was somehow deprived of a right to amend as opposed to supplement his complaint when he sought the exact relief he now complains was afforded to him.

## <u>CONCLUSION</u>

For the reasons set forth herein, County Defendant/Appellee District Attorney Gill respectfully request that this Court enter an order finding that the district court's dismissing, in its entirety, Mr. Greer's complaint and causes of action therein, was proper and is upheld.

Respectfully submitted this 4th day of October, 2018.

SIM GILL
Salt Lake County District Attorney


/s Jacque M. Ramos
Jacque M. Ramos
Deputy District Attorney
*Attorney for Defendant Sim Gill*

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that this brief complies with the type–volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1. In compliance with Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), the brief has been prepared in proportionally spaced Century Schoolbook font with 14-point type using Microsoft Word.

2. Excluding the exempted portions of the brief, in accordance with Federal Rule of Appellate Procedure 32(a)(7)(B), the brief contains 6,720 words. As Federal Rule of Appellate Procedure 32(a)(7)(B) permits, I have relied upon Microsoft Word's word-count feature in preparing this certificate.

Dated: October 4, 2018

/s Iris Pittman
Iris Pittman

## CERTIFICATE OF DIGITAL SUBMISSION

In accordance with Rule 32(a)(7)(g) of the Federal Rules of

Appellate Procedure

1.      All required redactions have been made;

2.      The ECF submission is an exact copy of the hard copies to be

filed with the Clerk; and

3.      The ECF submission was scanned for viruses using IBM

BigFix Client last update April 17, 2018, which indicates

that the submission is free of viruses.

Respectfully submitted this 4th day of October 2018.

/s/ Iris Pittman
Iris Pittman

## CERTIFICATE OF SERVICE

I certify that on October 4th, 2018, I filed and served the foregoing

Appellee's Brief by submitting a digital copy through the appellate

CM/ECF system, and (in addition to service on registered ECF users

through the CM/ECF system) by causing one copy to be sent by first-

class mail to the following:

Stanford Purser
Tyler R. Green
Lance Sorenson
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy
Berg*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
*Attorney for Defendant Salt Lake City*

was sent via first class mail, postage prepaid, to the following:

Russell Greer
6337 South Highland Drive, #209
Holladay, UT 84121
*Pro Se*

/s/ Iris Pittman
Paralegal