Appellate Case: 18-4075    Document: 010110064422    Date Filed: 10/04/2018    Page: 1

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

Case No. 18-4075

---

RUSSELL G. GREER,
Plaintiff-Appellant,
v.

Gary R. Herbert, *et al.*
Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

The Honorable Magistrate Dustin B. Pead

Docket No. 2:16-cv-01067 DBP

---

## APPELLEE'S SUPPLEMENTAL APPENDIX

---

Sim Gill (USB #6389)
SALT LAKE COUNTY DISTRICT ATTORNEY
Jacque M. Ramos (USB # 10720) *jmramos@slco.org*
Deputy District Attorneys
35 East 500 South
Salt Lake City, Utah 84111
(385) 468-7700 (telephone)
*Attorney for Defendants-Appellee Sim Gill*

Appellate Case: 18-4075     Document: 01011006422     Date Filed: 10/04/2018     Page: 2

## INDEX

1. *District Court Docket Entries* ………………………………………*3-12*
2. *05/08/2018 ECF No. 73 Memorandum Decision and Order..13-42*
3. *05/08/2018 ECF No. 74 Judgment* ……………………….……….*43*

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:16-cv-01067-DBP

Greer et al v. Herbert et al

Assigned to: Magistrate Judge Dustin B. Pead

Case in other court: Tenth Circuit, 18-04075

Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 10/18/2016

Date Terminated: 05/08/2018

Jury Demand: None

Nature of Suit: 950 Constitutional - State Statute

Jurisdiction: Federal Question

**Plaintiff**

**Russell G. Greer**

represented by **Russell G. Greer**
6337 S HIGHLAND DR #209
HOLLADAY, UT 84121
(801)895-3501
PRO SE

V.

**Defendant**

**Gary R. Herbert**
*in his official capacity as Governor of the State of Utah*

represented by **David N. Wolf**
UTAH ATTORNEY GENERAL'S OFFICE
(160-6-140856)
LITIGATION UNIT
160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114-0856
(801)366-0100
Email: dnwolf@agutah.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory M. Soderberg**
LITCHFIELD CAVO
420 E SOUTH TEMPLE STE 510
SALT LAKE CITY, UT 84111
(801)410-4982
Email: soderberg@litchfieldcavo.com
*TERMINATED: 03/16/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sean D. Reyes**
*in his official capacity as Attorney General of the State of Utah*

represented by **David N. Wolf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

10/4/2018                                    CM/ECF - U.S. District Court:utd

Appellate Case: 18-4075    Document: 36-2    Date Filed: 10/04/2018    Page: 4
Appellate Case: 18-4075    Document: 01011064422    Date Filed: 10/04/2018    Page: 4

**Gregory M. Söderberg**
(See above for address)
*TERMINATED: 03/16/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sim S. Gill**                                    represented by    **David M. Quealy**
*in his official capacity as District Attorney*                     WEST JORDAN CITY ATTORNEY'S
*of the City and County of Salt Lake*                              OFFICE
                                                                   8000 S REDWOOD RD
                                                                   WEST JORDAN, UT 84088
                                                                   (801)569-5042
                                                                   Email: dquealy@slco.org
                                                                   *TERMINATED: 02/21/2018*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jacque M. Ramos**
                                                                   SALT LAKE COUNTY DISTRICT
                                                                   ATTORNEY'S OFFICE
                                                                   35 E 500 S
                                                                   SALT LAKE CITY, UT 84111
                                                                   (385)468-7785
                                                                   Email: jmramos@slco.org
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jennifer Bailey**
                                                                   SALT LAKE COUNTY DISTRICT
                                                                   ATTORNEY'S OFFICE
                                                                   35 E 500 S
                                                                   SALT LAKE CITY, UT 84111
                                                                   (385)468-7817
                                                                   Email: jenbailey@slco.org
                                                                   *TERMINATED: 02/21/2018*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Neil R. Sarin**
                                                                   SALT LAKE COUNTY DISTRICT
                                                                   ATTORNEY'S OFFICE
                                                                   35 E 500 S
                                                                   SALT LAKE CITY, UT 84111
                                                                   (385)468-7785
                                                                   *TERMINATED: 08/11/2017*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Jackie Biskupski**                               represented by    **Catherine L. Brabson**
*in her official capacity as Mayor of the City*                    SALT LAKE CITY ATTORNEYS OFFICE
*of Salt Lake*                                                     PO BOX 145478
                                                                   451 S STATE ST STE 505

SALT LAKE CITY, UT 84114-3478
(801)535-7788
Email: Catherine.Brabson@slcgov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ben McAdams**
*in his official capacity as Mayor of the*
*County of Salt Lake*

represented by **David M. Quealy**
(See above for address)
*TERMINATED: 02/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacque M. Ramos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Bailey**
(See above for address)
*TERMINATED: 02/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil R. Sarin**
(See above for address)
*TERMINATED: 08/11/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kathy Berg**
*in her official capacity as Director of the*
*Division of Commerce*

represented by **David N. Wolf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory M. Soderberg**
(See above for address)
*TERMINATED: 03/16/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Allred**
*in his official capacity as Business*
*Licensing Manager for the City of Salt Lake*

represented by **Catherine L. Brabson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rolen Yoshinaga**
*in his official capacity as Director of*
*Planning and Development for the County*
*of Salt Lake*

represented by **David M. Quealy**
(See above for address)
*TERMINATED: 02/21/2018*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jacque M. Ramos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Bailey**
(See above for address)
*TERMINATED: 02/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil R. Sarin**
(See above for address)
*TERMINATED: 08/11/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2016 | 1 | COMPLAINT against James Allred, Kathy Berg, Jackie Biskupski, Sim S. Gill, Gary R. Herbert, Ben McAdams, Sean D. Reyes, Rolen Yoshinaga (Filing fee $ 400, receipt number 4681074304) (Fee Status: Paid) filed by Russell G. Greer. (Attachments: # 1 Civil Cover Sheet 1) Assigned to Magistrate Judge Dustin B. Pead (mms) (Entered: 10/18/2016) |
| 12/01/2016 | 2 | MOTION to allow proof of service to be filed with the court without original summons pursuant to FRCP 4 filed by Plaintiff Russell G. Greer. (kpf) (Entered: 12/01/2016) |
| 12/01/2016 | 3 | NOTICE of Appearance by David N. Wolf on behalf of Kathy Berg, Gary R. Herbert, Sean D. Reyes (Wolf, David) (Entered: 12/01/2016) |
| 12/01/2016 | 4 | NOTICE of Appearance by Gregory M. Soderberg on behalf of Kathy Berg, Gary R. Herbert, Sean D. Reyes (Soderberg, Gregory) (Entered: 12/01/2016) |
| 12/01/2016 | 5 | NOTICE of Appearance by Neil R. Sarin on behalf of Sim S. Gill, Ben McAdams, Rolen Yoshinaga (Sarin, Neil) (Entered: 12/01/2016) |
| 12/01/2016 | 6 | MOTION for Extension of Time to File Answer re 1 Complaint, filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Attachments: # 1 Text of Proposed Order Order Granting Extension of Time to Respond to Plaintiffs' Complaint)(Sarin, Neil) (Entered: 12/01/2016) |
| 12/01/2016 | 7 | NOTICE of Appearance by Jennifer Bailey on behalf of Sim S. Gill, Ben McAdams, Rolen Yoshinaga (Bailey, Jennifer) (Entered: 12/01/2016) |
| 12/01/2016 | 8 | Defendant's MOTION for Extension of Time to respond to Plaintiff's Complaint filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Attachments: # 1 Text of Proposed Order)(Wolf, David) Modified on 12/2/2016 by changing motion type to Motion for Extension of Time to File Answer (las). (Entered: 12/01/2016) |
| 12/02/2016 | 9 | ORDER granting 6 Motion for Extension of Time to Answer re 1 Complaint,. Answer deadline updated for Sim S. Gill answer due 12/7/2016; Ben McAdams answer due 12/7/2016; Rolen Yoshinaga answer due 12/7/2016. Signed by Magistrate Judge Dustin B. Pead on 12/1/2016. (las) (Entered: 12/02/2016) |
| 12/02/2016 | 10 | ORDER granting 8 Motion for Extension of Time to Answer re 1 Complaint,. Answer |

| | | |
|---|---|---|
| | | deadline updated for Kathy Berg answer due 12/27/2016, Gary R. Herbert answer due 12/27/2016; Sean D. Reyes answer due 12/27/2016. Signed by Magistrate Judge Dustin B. Pead on 12/2/2016. (las) (Entered: 12/02/2016) |
| 12/12/2016 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendants James Allred, Jackie Biskupski. Attorney Catherine L. Brabson added to party James Allred(pty:dft), Attorney Catherine L. Brabson added to party Jackie Biskupski(pty:dft)(Brabson, Catherine) (Entered: 12/12/2016) |
| 12/12/2016 | 12 | NOTICE - This case is assigned to a magistrate judge. To consent or request reassignment, use the form on this link or use the included form for non-efilers and send it to consents@utd.uscourts.gov<br>within 15 days or mail to the court with *Attention: Consent Clerk* on the envelope. Notice e-mailed or mailed to Defendants James Allred, Kathy Berg, Jackie Biskupski, Sim S. Gill, Gary R. Herbert, Ben McAdams, Sean D. Reyes, Rolen Yoshinaga, Plaintiff Russell G. Greer. Form due by 12/27/2016. (las) (Entered: 12/12/2016) |
| 12/12/2016 | 13 | NOTICE OF ADR, e-mailed or mailed to Defendants James Allred, Kathy Berg, Jackie Biskupski, Sim S. Gill, Gary R. Herbert, Ben McAdams, Sean D. Reyes, Rolen Yoshinaga, Plaintiff Russell G. Greer. (las) (Entered: 12/12/2016) |
| 12/12/2016 | 14 | NOTICE FROM THE COURT re: Initial Scheduling<br>The court's IPT Clerk will now set the case for the Initial Pretrial Scheduling Conference (las) (Entered: 12/12/2016) |
| 12/14/2016 | 15 | RECEIVED Consent/Reassignment Form from Defendants James Allred, Jackie Biskupski. (las) (Entered: 12/14/2016) |
| 12/19/2016 | 16 | RECEIVED Consent/Reassignment Form from Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (las) (Entered: 12/19/2016) |
| 12/23/2016 | 17 | Defendant's MOTION to Dismiss and Memorandum in Support filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 12/23/2016) |
| 12/27/2016 | 18 | MOTION to Dismiss and Memorandum in Support *Plaintiffs' Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Sarin, Neil) (Entered: 12/27/2016) |
| 12/28/2016 | 19 | NOTICE REMINDER - All parties are requested to respond within the time frame set forth in the 12 Notice of Presiding Magistrate Assignment,, pursuant to General Order 07-001. If you have already consented/objected, please disregard this notice. No judge will be informed of a party's response unless all parties have consented to the assignment of the matter to a U.S. Magistrate Judge. Unless consents from all parties are received within fifteen(15) days, the case will be randomly re-assigned to a U.S. District Judge without further notice.<br>Link to Magistrate Consent Objection form (blh) (Entered: 12/28/2016) |
| 12/28/2016 | 20 | RECEIVED Consent/Reassignment Form from Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga (blh) (Entered: 12/28/2016) |
| 12/28/2016 | 21 | Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendants James Allred, Jackie Biskupski. (Brabson, Catherine) (Entered: 12/28/2016) |
| 12/28/2016 | 22 | **NOTICE OF INITIAL PRETRIAL CONFERENCE:** (Notice generated by IPT Clerk) The **Attorneys Planning Meeting Report** and **Proposed Scheduling Order** forms, available on the court web site at http://www.utd.uscourts.gov/documents/formpage.html, should be prepared 21 days before the Initial Pretrial Conference hearing date. |

7

**NOTICE TO COUNSEL:** The Court *may* enter a scheduling order and vacate the hearing *if* counsel
(a) file a stipulated **Attorneys Planning Meeting Report**; and
(b) e-mail a **Proposed Scheduling Order** to ipt@utd.uscourts.gov
21 days before the scheduled hearing. See instructions at
http://www.utd.uscourts.gov/documents/ipt.html

If counsel or the parties would like to participate by phone they must contact the IPT Clerk at least two days in advance at ipt@utd.uscourts.gov to make arrangements.

**Initial Pretrial Conference set for 2/8/2017 at 11:00 AM in Rm 8.400 before Magistrate Judge Evelyn J. Furse.** (jds) (Entered: 12/28/2016)

| | | |
|---|---|---|
| 12/30/2016 | 23 | RECEIVED Consent/Reassignment Form from Plaintiff Russell G. Greer. (las) (Entered: 12/30/2016) |
| 12/30/2016 | 24 | JOINT STATEMENT OF PARTIES/ CONSENT to Jurisdiction by US Magistrate Judge under 28 U.S.C. 636(c) by Defendants James Allred, Kathy Berg, Jackie Biskupski, Sim S. Gill, Gary R. Herbert, Ben McAdams, Sean D. Reyes, Rolen Yoshinaga, Plaintiff Russell G. Greer. (Attachments: # 1 Consent, # 2 Consent, # 3 Consent)(las) (Additional attachment(s) added on 1/5/2017: # 4 Signed Herbert, Reyes and Berg Consent) (las). (Entered: 12/30/2016) |
| 01/09/2017 | 25 | MEMORANDUM in Opposition re 17 Defendant's MOTION to Dismiss and Memorandum in Support filed by Plaintiff Russell G. Greer. (rks) (Entered: 01/11/2017) |
| 01/13/2017 | 26 | REPORT OF ATTORNEY PLANNING MEETING. (Attachments: # 1 Text of Proposed Order [Proposed] Scheduling Order)(Soderberg, Gregory) (Entered: 01/13/2017) |
| 01/20/2017 | 27 | SCHEDULING ORDER: Initial Pretrial Hearing vacated. Amended Pleadings due by 8/31/2017. Joinder of Parties due by 9/29/2017. Fact Discovery due by 9/30/2017. Expert Discovery due by 1/15/2018. Motions due by 2/15/2018. Status Conference set for 2/22/2018 at 02:00 PM in Rm 7.100 before Magistrate Judge Dustin B. Pead. Signed by Magistrate Judge Dustin B. Pead on 1/9/2017. (las) (Entered: 01/20/2017) |
| 01/23/2017 | 28 | REPLY to Response to Motion re 17 Defendant's MOTION to Dismiss and Memorandum in Support *of State Defendants' Motion to Dismiss* filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 01/23/2017) |
| 01/27/2017 | 29 | RESPONSE to Motion re 21 Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support , 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support , 17 Defendant's MOTION to Dismiss and Memorandum in Support , 18 MOTION to Dismiss and Memorandum in Support *Plaintiffs' Complaint for Declaratory and Injunctive Relief* filed by Plaintiff Russell G. Greer. (las) (Entered: 01/30/2017) |
| 02/17/2017 | 30 | REPLY to Response to Motion re 18 MOTION to Dismiss and Memorandum in Support *Plaintiffs' Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Sarin, Neil) (Entered: 02/17/2017) |
| 02/24/2017 | 31 | DOCUMENT LODGED from plaintiff consisting of pleading incorrectly styled as a combined surreply and 'amended complaint' (no leave appears to have been granted to file either per FRCivP 15 or DUCivR 7-1(b)(2)(A)) (alt) (Entered: 02/28/2017) |
| 03/06/2017 | 32 | REQUEST to Submit for Decision re 18 MOTION to Dismiss and Memorandum in Support *Plaintiffs' Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Sarin, Neil) (Entered: 03/06/2017) |

8

Appeal: Appellate Case: 18-4075   Document: 010342   Date Filed: 10/04/2018   Page: 9 of 9

| | | |
|---|---|---|
| 04/19/2017 | 33 | DOCKET TEXT ORDER finding as moot Plaintiff's Motion To Allow Proof Of Service 2 . All Defendants have filed a responsive pleading [11, 17, 18, 21], and there has been no challenge to the sufficiency of service. Signed by Magistrate Judge Dustin B. Pead on 04/19/2017. (Entered: 04/19/2017) |
| 04/21/2017 | 34 | RULING AND ORDER - The court requests additional briefing on several issues. Consistent therewith, the Court Orders the following briefing schedule: Briefing On Plaintiffs Standing And The Ripeness Of The Claims *Plaintiffs Initial Brief Due: May 5, 2017. *Defendants Responsive Briefs Due: May 19, 2017. Briefing On Facial vs. As-Applied Challenges *Defendants Initial Briefs Due: May 5, 2017. *Plaintiffs Responsive Brief Due: May 19, 2017. Signed by Magistrate Judge Dustin B. Pead on 4/21/2017. (las) (Entered: 04/21/2017) |
| 05/05/2017 | 35 | Supplemental BRIEF In Support of Plaintiff's Standing and the Ripeness of the Claims filed by Plaintiff Russell G. Greer. (las) (Entered: 05/05/2017) |
| 05/05/2017 | 36 | Supplemental Memorandum Regarding Facial and As-Applied Challenges BRIEF re 34 Order,, filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 05/05/2017) |
| 05/05/2017 | 37 | Supplemental BRIEF re 36 Brief, 34 Order,, *Re Facial vs. As-Applied Constitutional Challenges and Joinder in State Defendants' Supplemental Brief* filed by Defendants James Allred, Jackie Biskupski. (Brabson, Catherine) (Entered: 05/05/2017) |
| 05/05/2017 | 38 | Supplemental BRIEF *regarding Facial vs. As-Applied Constitutional Challenges and Joinder in State's Supplemental Memorandum* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Sarin, Neil) (Entered: 05/05/2017) |
| 05/19/2017 | 39 | RESPONSIVE SUPPLEMENTAL BRIEF re 35 Brief, 34 Order,, filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Attachments: # 1 Exhibit 1- Plaintiff's DBA registration)(Soderberg, Gregory) (Entered: 05/19/2017) |
| 05/19/2017 | 40 | ERRATA to 39 Brief filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes . (Attachments: # 1 Exhibit 1- Plaintiff's DBA registration)(Soderberg, Gregory) (Entered: 05/19/2017) |
| 05/19/2017 | 41 | Defendant's RESPONSE re 35 Brief, 34 Order,,,*RE Standing and Ripeness* filed by James Allred, Jackie Biskupski. (Brabson, Catherine) (Entered: 05/19/2017) |
| 05/19/2017 | 42 | Plaintiff's RESPONSE to Defendant's 36 Supplemental Memorandum Regarding Facial and As-Applied Challenges Brief per 34 Order, filed by Russell G. Greer. (jwt) (Entered: 05/19/2017) |
| 05/19/2017 | 43 | RESPONSIVE SUPPLEMENTAL BRIEF re 35 Brief filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Sarin, Neil) (Entered: 05/19/2017) |
| 05/23/2017 | 44 | MOTION to Amend Complaint filed by Plaintiff Russell G. Greer. (las) (Entered: 05/23/2017) |
| 06/02/2017 | 45 | RESPONSE to Motion re 44 MOTION to Amend/Correct *Plaintiff's Motion for Leave to File Supplemental Complaint* filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 06/02/2017) |
| 06/28/2017 | 46 | RULING & ORDER -1. Within ten (10) days from the date of this Order, Plaintiff shall file a copy of his proposed amended complaint on the court docket as an Exhibit to his pending motion to amend; and2. Defendants shall have an additional ten (10) days after Plaintiff files a copy of his proposed pleading to respond and/or supplement their response (ECF No. 45) to Greers motion to amend. (ECF No. 44.) Signed by Magistrate Judge Dustin B. Pead on 6/28/2017. (las) (Entered: 06/28/2017) |

| 07/10/2017 | 47 | MOTION for Leave to File Supplemental Complaint filed by Plaintiff Russell G. Greer. (las) (Entered: 07/11/2017) |
|---|---|---|
| 07/19/2017 | 48 | Supplemental RESPONSE re 47 MOTION for Leave to File Supplemental Complaint, filed by Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 07/19/2017) |
| 08/11/2017 | 49 | SUBSTITUTION OF COUNSEL Jacque M. Ramos replacing Neil R. Sarin as counsel on behalf of Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Ramos, Jacque) (Entered: 08/11/2017) |
| 08/15/2017 | 50 | SUBSTITUTION OF COUNSEL David M. Quealy replacing Jacque M. Ramos as counsel on behalf of Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Quealy, David) (Entered: 08/15/2017) |
| 08/17/2017 | 51 | DOCKET TEXT ORDER. Plaintiff's motion for leave to supplement complaint along with Exhibits at 47 moots Plaintiff's same motion filed at 44 . Signed by Magistrate Judge Dustin B. Pead on 08/17/2017. No attached document. (amn) (Entered: 08/17/2017) |
| 08/29/2017 | 52 | RESPONSE to Motion re 47 MOTION for Leave to File Supplemental Complaint filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Quealy, David) (Entered: 08/29/2017) |
| 08/30/2017 | 53 | ORDER granting in part and denying in part 47 Motion for Leave to File Supplemental Complaint; denying without prejudice as Moot 17 Motion to Dismiss ; denying without prejudice as Moot 18 Motion to Dismiss ; denying without prejudice as Moot 21 Motion to Dismiss for Failure to State a Claim. See Order for Details. Signed by Magistrate Judge Dustin B. Pead on 8/30/2017. (las) (Entered: 08/30/2017) |
| 08/31/2017 | 54 | DOCKET TEXT ORDER. Pursuant to the court's order 53 , City Defendants' motion to dismiss 11 is denied without prejudice as moot. Signed by Magistrate Judge Dustin B. Pead on 08/31/2017. No attached document. (amn) (Entered: 08/31/2017) |
| 09/12/2017 | 55 | AMENDED COMPLAINT against James Allred, Kathy Berg, Jackie Biskupski, Sim S. Gill, Gary R. Herbert, Ben McAdams, Sean D. Reyes, Rolen Yoshinaga. filed by Russell G. Greer. (las) (Entered: 09/12/2017) |
| 09/26/2017 | 56 | Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendants James Allred, Jackie Biskupski. (Brabson, Catherine) (Entered: 09/26/2017) |
| 10/03/2017 | 57 | Defendant's MOTION to Dismiss *Supplemental Complaint* filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 10/03/2017) |
| 10/03/2017 | 58 | ENTRY ERROR- ~~MOTION to Dismiss and Memorandum in Support~~ *Plaintiff's suppl* ~~filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Quealy, David)~~ Modified on 10/3/2017 added error text (las). (Entered: 10/03/2017) |
| 10/03/2017 | 59 | Modification of Docket: re 58 MOTION to Dismiss and Memorandum in Support *Plaintiff's suppl*. Document filed in error. Motion has been terminated. (las) (Entered: 10/03/2017) |
| 10/03/2017 | 60 | MOTION to Dismiss and Memorandum in Support *Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Quealy, David) (Entered: 10/03/2017) |
| 10/24/2017 | 61 | MEMORANDUM in Opposition re 57 Defendant's MOTION to Dismiss *Supplemental Complaint* filed by Plaintiff Russell G. Greer. (jwt) (Entered: 10/25/2017) |
| 11/07/2017 | 62 | REPLY to Response to Motion re 57 Defendant's MOTION to Dismiss *Supplemental* |

| | | |
|---|---|---|
| | | *Complaint* filed by Defendants Kathy Berg, Gary R. Herbert, Sean D. Reyes. (Soderberg, Gregory) (Entered: 11/07/2017) |
| 11/07/2017 | 63 | REPLY to Response to Motion re 60 MOTION to Dismiss and Memorandum in Support *Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Quealy, David) (Entered: 11/07/2017) |
| 11/07/2017 | 64 | REQUEST to Submit for Decision re 56 Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendants James Allred, Jackie Biskupski. (Brabson, Catherine) (Entered: 11/07/2017) |
| 11/08/2017 | 65 | RESPONSE and Memorandum in Opposition re 62 Reply Memorandum/Reply to Response to Motion. And Request for Hearing. filed by Russell G. Greer. (las) (Entered: 11/09/2017) |
| 01/22/2018 | 66 | NOTICE of SUPPLEMENTAL AUTHORITY by Kathy Berg, Gary R. Herbert, Sean D. Reyes re 57 Defendant's MOTION to Dismiss *Supplemental Complaint* (Attachments: # 1 Exhibit Exhibit A -- Erotic Service Provider Legal Education and Research Project v Gascon) (Soderberg, Gregory) (Entered: 01/22/2018) |
| 01/23/2018 | 67 | RESPONSE re 66 Notice of Supplemental Authority filed by Russell G. Greer. (las) (Entered: 01/23/2018) |
| 02/21/2018 | 68 | SUBSTITUTION OF COUNSEL Jacque M. Ramos replacing Jennifer Bailey and David M. Quealy as counsel on behalf of Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Ramos, Jacque) (Entered: 02/21/2018) |
| 02/23/2018 | 69 | NOTICE OF WITHDRAWAL OF COUNSEL of Greg Soderberg filed by David N. Wolf on behalf of Kathy Berg, Gary R. Herbert, Sean D. Reyes (Wolf, David) (Entered: 02/23/2018) |
| 03/19/2018 | 70 | NOTICE of Change of Address by Jacque M. Ramos (Ramos, Jacque) (Entered: 03/19/2018) |
| 04/09/2018 | 71 | NOTICE of SUPPLEMENTAL AUTHORITY by Russell G. Greer (las) (Entered: 04/10/2018) |
| 04/13/2018 | 72 | REQUEST to Submit for Decision re 60 MOTION to Dismiss and Memorandum in Support *Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief* filed by Defendants Sim S. Gill, Ben McAdams, Rolen Yoshinaga. (Ramos, Jacque) (Entered: 04/13/2018) |
| 05/08/2018 | 73 | MEMORANDUM DECISION AND ORDER granting 56 Motion to Dismiss for Failure to State a Claim ; granting 57 Motion to Dismiss ; granting 60 Motion to Dismiss. Signed by Magistrate Judge Dustin B. Pead on 5/8/2018. (las) (Entered: 05/08/2018) |
| 05/08/2018 | 74 | JUDGMENT - It is Ordered that Plaintiff's Amended Complaint is dismissed with Prejudice. Case Closed. Signed by Magistrate Judge Dustin B. Pead on 5/8/2018. (las) (Entered: 05/08/2018) |
| 05/22/2018 | 75 | NOTICE OF APPEAL as to 74 Judgment filed by Russell G. Greer. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 505. (las) (Entered: 05/23/2018) |
| 05/23/2018 | 76 | **SEALED DOCUMENT** MOTION for Leave to Appeal in forma pauperis filed by Plaintiff Russell G. Greer. (las) (Entered: 05/23/2018) |
| 05/23/2018 | 77 | Transmission of Preliminary Record to USCA re 75 Notice of Appeal (Attachments: # 1 Appendix)(las) (Entered: 05/23/2018) |

11

| 05/23/2018 | 78 | USCA Case Number Case Appealed to Tenth Circuit Case Number 18-4075 for 75 Notice of Appeal filed by Russell G. Greer. (las) (Entered: 05/23/2018) |
| 06/26/2018 | 79 | DOCKET TEXT ORDER granting 76 Motion for Leave to Appeal in forma pauperis. Signed by Magistrate Judge Dustin B. Pead on 6/26/2018. No attached document. (las) (Entered: 06/26/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/04/2018 14:05:26 | | |
| **PACER Login:** | SLCoDAOFFICE:2636057:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:16-cv-01067-DBP |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>                **Plaintiffs,**<br><br>**v.**<br><br>**GARY R. HERBERT, in his individual capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIMS S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake, BEN MCADAMS, in his official capacity as Mayor of the County of Salt Lake, KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for, the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development of the County of Salt Lake,**<br><br>                **Defendants.** | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:16-cv-01067**<br><br>**Magistrate Judge Dustin Pead** |

### TABLE OF CONTENTS

Introduction .................................................................. 3

Factual Background ........................................................3

Utah's Prostitution & Brothel Laws.................................................. . 6

Discussion

    I.    Standing...................................................................8

        1.    Standard of Review............................................. ..8

        2.    No Standing To Enforce The Rights Of Others.......................10

        3.    No Standing For Claims Against Biskupski, Allred, McAdams
            and Yoshinaga...........................................................11

                a. Biskupsk and McAdams......................................11
                b. Allred and Yoshinaga.......................................12

        4.    Standing For Claims Against Gill and State Defendants.............13

                a.    Pre-Enforcement Challenge.............................13
                b.    Gill..............................................................14
                c.    Herbert, Reyes and Berg.................................15

    II.    42 U.S.C. §1983.....................................................16

    III.    Utah's Laws Are Constitutional.....................................17

        1.    Facial And As-Applied Challenges. ...............................18
        2.    Right To Sexual Privacy...........................................19

                a.    No Fundamental Right ...................................20
                b.    Rationally Related To Legitimate Interest...........21

        3.    Equal Protection For Same End Goal Of Intimacy...................23
        4.    Right To Engage In Illegal Employment............................24
        5.    First Amendment Free Association.................................25
        6.    Article 1 Section 7 of Utah Constitution...........................26
        7.    Vagueness................................................................ 27

    IV.    Ruling & Order..........................................................29

# INTRODUCTION[1]

Russell Godfrey Greer wants to provide everyone with safe and legal "access to intimacy." In order to do so, he seeks to open a Utah brothel called The Mile High Neon. Under Utah's current laws, however, he is prohibited from doing so.[2] Consequently, Greer filed his federal declaratory action challenging the constitutionality of portions of Utah's laws criminalizing prostitution, solicitation and the operation of brothels.

# FACTUAL BACKGROUND

The following facts are taken from Plaintiff Russell Greer's (Plaintiff or Greer) amended complaint and viewed in a light most favorable to him.[3]

Plaintiff is a well-educated,[4] twenty-five year old man currently residing in Murray, Utah.[5] He was born with Mobius Syndrome, a neurological condition that causes facial paralysis and prohibits him from closing his lips or moving his eyes sideways.[6] Greer's disability causes

---

[1] All parties in this case have consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. Dkt. No. 24. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] *See* Utah Code Ann. §§ 76-10-1302 through 1305 (criminalizing prostitution and solicitation), §47-1-1 (declaring brothels a nuisance).

[3] *See Jordan-Arapahoe, LLP v. Bd. of County Comm'rs.,* 633 F.3d 1022, 1025 (10th Cir. 2011) (when considering a motion to dismiss, the court "accepts all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."); *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) (the court "must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed") (*citing Swanson v. Bixler*, 750 F.2d 810, 813) (10th Cir. 1984).

[4] In the summer of 2015, Plaintiff graduated from LDS Business College. Prior to graduation, Greer completed an internship in the Litigation Division of the Utah Attorney General's Office. Dkt. No. 55, ¶¶46-48.

[5] Dkt. No. 55, ¶8.

[6] *Id.*

significant physical and social challenges for him. Consequently, in order to "feel loved", Greer

solicits sex workers[7] at brothels in Nevada, where prostitution is legal, and in Utah, where

prostitution is criminalized.[8]

In April of 2013, Greer started visiting brothels in Nevada.[9] He describes his experiences

as "magical" and claims that his time there helped him to "cope with his disability and [ ]

depression."[10] Over time, frequent travel to Nevada became financially prohibitive[11] and Greer

was "forced" to seek companionship in Utah.[12] Prostitution is illegal in Utah and Plaintiff lived

in fear of being victimized,[13] criminally prosecuted and of contracting a sexually transmitted

disease.

Determined to provide everyone with the opportunity for safe and legal "access to

intimacy," Greer decided to open a brothel in Utah called "The Mile High Neon" (TMHN).[14]

Plaintiff outlines TMHN's business plan, design, layout and operational procedures in copious

---

[7] Greer refers to "prostitutes," "escorts," and "sex workers" interchangeably throughout his pleading. While there are subtle nuances that differentiate these terms, for purposes of this opinion, the court broadly defines all prostitutes, escorts and sex workers as individuals "who engages, offers, or agrees to engage in any sexual activity with another individual for a fee, or the functional equivalent of a fee." Utah Code Ann. §76-10-1302(1)(a).

[8] Dkt. No. 55, ¶¶8, 20, 25, 34-36.

[9] Greer visited brothels in or near Elko and Reno, Nevada. Dkt. No. 55, ¶¶36-37.

[10] Dkt. No. 55, ¶¶35, 39.

[11] Greer estimates he spent up to $14,000 at brothels in Nevada. Dkt. No. 55, ¶¶39-40.

[12] Additional reasons for Greer's decision to stop traveling to brothels in Nevada include, a falling out with brothel owner Dennis Hoff and becoming the victim of a $4,000.00 theft. Dkt. No. 55, ¶¶41-44.

[13] Plaintiff claims he has been the victim of fraud when escorts post "fake pictures to lure Greer in and upon meeting, . . . [hold him] under duress to give them the money. Others have been the same girl as advertised, but they do not provide the services they promise." Dkt. No. 55, ¶42.

[14] The name "Mile High Neon" is a combination of "the mile-high club" and the Greek word "porneon," meaning brothel. Dkt. No. 55, ¶¶ 47, 50-52.

detail.[15] In order to obtain a license, Greer submitted his licensing paperwork online with the

State of Utah. On December 29, 2015, Plaintiff's paperwork was approved and he was given

"numbers for his business registration and the appropriate document to file."[16] On January 14,

2016, Greer received notice from Kathy Berg, Director of Utah's Division of Commerce, that his

registration was for "an illegal business purpose" and immediately revoked.[17]

On October 18, 2016, Greer filed his initial complaint.[18] Later, he sought to incorporate

relevant statutory amendments and the court granted Plaintiff leave to amend.[19] Greer filed an

---

[15] Greer explains that the structure will resemble a Greek temple with large columns, marble floors and a wooden front door similar to that found at a "luxury mansion." Dkt. No. 55, ¶¶ 66, 67. A fountain will decorate the main room along with couches, televisions and a non-alcoholic bar. *Id.*,¶ 67. An electronic business directory is located near the front of the building where clients can "click" on the girls' pictures if they are interested in meeting them. *Id.*,¶69. Past the office where financial transactions are conducted, there are approximately ten employee rooms. *Id.*, ¶71. Each room contains a window, bed, television and panic alarm. *Id.* TMHN also has a kitchen area where employees can cook their own meals. *Id.*,¶73.

Plaintiff proposes "innovative" operational procedures for TMHN's employees: weekly sexually transmitted disease inspections, self-defense training, financial planning, and training related to understanding the disabled. *Id.*, ¶¶76-79, 82. All workers are licensed through the sheriff's office and TMHN will pay taxes and donate to local charities. *Id.*, ¶¶83- 84. Potential employees may apply online and TMHN will hire only "the classiest and most beautiful people that have extraordinary personalities and who are not judgmental." *Id.*,¶80. Employees are encouraged to set goals, and every two years Greer will check to see if they are achieving their goals. *Id.* Greer will encourage employees to "go after their dreams," and put them in touch with "talent agents" who can help find other "non-sexual jobs." *Id.* Greer will act as TMHN's legal assistant, but will not own or run the brothel. *Id.*,¶86. Instead, he intends to give his business license to "an educated, beautiful woman in her mid-thirties to forties who has higher education and experience in business." *Id.*

[16] Dkt. No. 55, ¶¶51, 54.

[17] Dkt. No. 55, ¶55.

[18] *See* Dkt No. 1, Dkt. No. 2. Greer's initial pleading also listed Tricia Christie as a plaintiff. Christie did not sign the pleading, or provide a physical address, email, or telephone number. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number . . . ."). Further, as a non-attorney Greer is prohibited from representing Christie in any case. *See* DUCivR 83-1.3(c); *Perry v. Stout,* 20 F. App'x. 780, 782 (10th Cir. 2001) (non-attorney cannot represent a pro se litigant).

amended complaint on September 12, 2017, seeking declaratory and injunctive relief against

Defendants Governor Gary Herbert (Herbert), Utah Attorney General Sean Reyes (Reyes) and

Utah's Director of the Division of Corporations and Commercial Code Kathy Berg (Berg)

(collectively "State Defendants"), Salt Lake District Attorney Sim Gill (Gill), Salt Lake County

Mayor Ben McAdams (McAdams) and Salt Lake Director of Planning Rolen Yoshinaga

(Yoshinaga) (collectively "County Defendants") and Salt Lake City Mayor Jackie Biskupski

(Biskupski) and Salt Lake City Business Licensing Manager James Allred (Allred) (collectively

"City Defendants").[20]

    Currently pending before the court are the City, State and County Defendants' motions to

dismiss Greer's amended complaint for failure to demonstrate standing, state a claim or establish

a constitutional violation.[21] Greer did not oppose the City or County Defendants' motions to

dismiss, and the time within which to do so has expired.[22]

## UTAH'S PROSTIUTION & BROTHEL LAWS

    Greer seeks a declaration that the following portions of Utah's statutes are

unconstitutional (Utah's Prostitution and Brothel Laws).

---

[19] Dkt. No. 47.

[20] Greer's claims against individual City, County and State Defendants are brought solely in their
official capacities. In addition, Greer's amended pleading does not name Christie as a Plaintiff, and
therefore she is no longer a party to this action. *See* Dkt. No. 55.

[21] Dkt. No. 56, Dkt. No. 57, Dkt. No. 60.

[22] *See* DUCivR 7-1(b)(3)(A), *see also* DUCivR 7-1(d) ("[f]ailure to respond timely to a motion
may result in the court's granting the motion without further notice."); *Masero v. Mortgage Elec.
Registration Sys.,* 2010 U.S. Dist. LEXIS 128564 * 1 (D. Utah Dec. 2, 2010) (granting motion to dismiss
as unopposed pursuant to DUCivR 7-1(d)).

Utah Code Ann. §76-10-1302, Prostitution.
(1) An individual is guilty of prostitution when the individual:
  (b)  takes steps in arranging a meeting through any form
     of advertising, agreeing to meet, and meeting at an
     arranged place for the purpose of sexual activity in exchange
     for a fee or the functional equivalent of a fee;
UCA §76-10-1302(b)


Utah Code Ann. 76-10-1303, Patronizing a prostitute.
(1) An individual is guilty of patronizing a prostitute when the individual:
  (b)  enters or remains in a place of prostitution for the purpose
     of engaging in sexual activity.
UCA §76-10-1303(b).


Utah Code Ann. 76-10-1304, Aiding prostitution.
(1) A person is guilty of aiding prostitution if the person:
  (iii)  leases, operates, or otherwise permits a place controlled
     by the actor, alone of in association with another, to be used
     for prostitution or the promotion of prostitution;
UCA §76-10-1304(1)(iii)


Utah Code Ann. 76-10-1305, Exploiting prostitution.
(1) An individual is guilty of exploiting prostitution if the individual:
  (a)  procures an individual for a place of prostitution; or
  (e)  owns, controls, manages, supervises, or otherwise keeps,
     alone or in association with another, a place of
     prostitution or a business where prostitution occurs
     or is arranged, encouraged, supported, or promoted.
UCA §76-10-1305(1)(a)(e).


Utah Code Ann. 47-1-1, Declared a nuisance—Abatement.
Whoever shall erect, establish, maintain, use, own or lease any building,
structure or place, for the purpose of lewdness, assignation or prostitution
is guilty of nuisance, and such building, structure or place, and the ground
itself, in or upon which such lewdness, assignation or prostitution is
conducted, permitted or carried on, and the furniture, fixtures and musical
instruments therein and the contents thereof are declared a nuisance, and
shall be enjoined and abated as hereinafter provided.
UCA §47-1-1.

## DISCUSSION

I.   **STANDING**

1.   **Standard of Review**.

A threshold issue is whether Greer has standing to bring his claims against Defendants. Standing ensures that federal courts only issue judgments in "cases" and "controversies" in which they have jurisdiction to do so.[23] The burden is on plaintiff to clearly demonstrate the elements of standing for each cause of action,[24] and the court has an "independent obligation" to raise the standing issue "regardless of whether it is challenged by any of the parties."[25] When considering dismissal, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."[26]

---

[23] U.S. Const. art. III, §2.

[24] *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016); *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007); *Utah v. Babbitt*, 137 F.3d 1193, 1202 (10th Cir. 1998) (burden is on plaintiff "clearly to allege fact demonstrating" standing).

[25] *Summers v. Earth Island Inst.,* 555 U.S. 488, 499, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) (citations omitted). The court previously issued an Order requesting supplemental briefing on standing, ripeness and the proper analysis for facial versus as-applied challenges. *See* Dkt. No. 34.

[26] *See* Fed. R. Civ. P. 12(b)(1); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed.2d 343 (1975). In general, Rule 12(b)(1) motions for dismissal take two forms:
> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.

*Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

Article III standing requires a plaintiff to meet the following elements:

> First, the plaintiff must have suffered an invasion of a
> legally-protected interest which is (1) concrete and
> particularized, and (b) actual or imminent, not
> conjectural or hypothetical. Second, there must be a
> causal connection between the injury and conduct
> complaint of---the injury has to be fairly traceable to
> the challenged action of the defendant, and not the result
> of the independent action of some third party not before
> the court. Third, it must be "likely" as opposed to merely
> "speculative," that the injury will be redressed by a
> favorable decision.[27]

In addition to constitutional standing, a plaintiff must also establish prudential standing.

Prudential standing places limits on who may invoke the courts' powers and requires:

> (1) the plaintiff generally must assert his or her own legal
> rights; (2) the court must refrain from adjudicating
> "generalized grievances" most appropriately addressed by
> one of the other branches of government; and (3) the
> plaintiff's complaint must fall within the zone of interests to
> be protected or regulated by the statute or constitutional
> guarantee in question.[28]

When mounting a pre-enforcement claim, plaintiff is not required to "await and undergo

a criminal prosecution" before challenging the statute on constitutional grounds.[29] Rather, a

plaintiff may establish standing prior to enforcement by showing both a future intention to

engage in conduct that is "arguably affected with a constitutional interest, but proscribed by a

statute" and a credible threat of prosecution.[30]

---

[27] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561,112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (citations and quotations omitted); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1393-94 (10th Cir. 1995), *cert. denied,* 133 L. Ed. 2d 14, 116 S. Ct. 49 (1995).

[28] *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450-51 (10th Cir. 1994) (citations omitted).

[29] *Babbitt v. United Farm Workers Nat'l. Union*, 442 U.S. 289, 298, 60 L. Ed. 2d 895, 99 S. Ct. 2301 (1979) (*quoting Doe v. Bolton*, 410 U.S. 179, 188, 35 L. Ed. 2d 201, 93 S. Ct. 739) (1973).

[30] *Id.*, *see also Brown v. Herbert*, 850 F. Supp. 2d 1240, 1246 (D. Utah 2012).

2.     **Greer Does Not Have Standing To Enforce The Rights Of Individuals Who Choose To Work In Prostitution.**

As a preliminary matter, Greer cannot establish standing to bring his equal protection challenge on behalf of individuals who "choose to work in prostitution."[31] Under the doctrine of prudential standing, Greer cannot bring suit to enforce the rights of others.[32] Moreover, while an association may bring suit on behalf of its members, it can only do so if: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit."[33] As an unestablished business owner, Greer does not identify any discernable "association" or "members" who otherwise have standing to sue in their own right.[34] At best, Plaintiff attempts to bring an equal protection claim as a future brothel owner on behalf of future brothel employees.[35] Yet, any currently unknown or potential future relationships are too tenuous to support representational standing and Greer's equal protection claim brought on behalf of unidentified others is dismissed.

---

[31] Dkt. No. 55, ¶¶106-108; *See* Claim 2(B) "Denial of Equal Protection for Those Who Choose to Work In Prostitution."

[32] *See VR Acquisitions, LLC v. Wasatch Cnty.,* 853 F.3d 1142, 1146 (10th Cir. 2017).

[33] *Thiebaut v. Colo. Springs Utils.,* 455 Fed. Appx. 795, 801 (10th Cir. 2011); *see also Summers* 555 U.S. at 498-99; *S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation & Enforcement*, 620 F.3d 1227, 1246 (10th Cir. 2010).

[34]*Colorado Taxpayers Union, Inc. v. Romer,* 963 F.2d 1394, 1397-98 (10th Cir. 1992) (citation omitted).

[35] *See* Dkt. No. 55, ¶108 ("The As-Applied challenged laws must be struck down to allow women the right to work in brothels."). Tricia Christie is no longer a party to this lawsuit and Greer may not assert a claim on her behalf.

3.    **Greer Does Not Have Standing To Assert Claims Against City Defendant Biskupski and Allred and County Defendants McAdams and Yoshinaga.**

Greer does not demonstrate standing to bring claims against Defendants Salt Lake City Mayor Jackie Biskupski, City Business Licensing Manager James Allred, Salt Lake County Mayor Ben McAdams and County Director of Planning and Development Rolen Yoshinaga.

a.    **Biskupski and McAdams**

The only allegation raised against City Mayor Jackie Biskupski is set forth at paragraph twelve (12) of the amended pleading and states:

> Defendant Biskupski is the Mayor for the City of Salt Lake ("Biskupski"). She is sued in her official capacity only. Biskupski, an elected official, exercise the executive and administrative powers of the municipality. *Utah Code 10-3b-202(1)(b).*[36]

Likewise, the only mention of Salt Lake County Mayor Ben McAdams is at paragraph thirteen (13):

> Defendant Ben McAdams is the Mayor for the County of Salt Lake ("McAdams"). He is sued in his official capacity only, McAdams, an elected official, exercises the executive and administrative powers of the municipalities of the County. *Utah Code 10-3b-202(1)(b).*[37]

Plaintiff does not raise any substantive claims or assert an injury-in-fact. Absent a traceable injury, causation and redressability,[38] Plaintiff lacks standing and Biskupski and Allred's motions to dismiss are granted.

---

[36] Dkt. No. 55, ¶12.

[37] Dkt. No. 55, ¶13. Utah Code §10-3b-202(1)(b) sets forth the general powers of mayors of cities, towns and metro townships, but not for counties.

[38] *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998).

### b.  Allred and Yoshinaga

The limited allegations raised against City Business Licensing Manager James Allred and

County Development Director Rolen Yoshinaga are found at paragraphs fifteen (15) and sixteen

(16) of the amended pleading:

> Defendant James Allred is the Business Licensing Manager
> for the City of Salt Lake ("Allred"). He is sued in his official
> capacity only. Allred is responsible for overseeing the business
> licensing in Salt Lake City which includes Sexual Oriented
> Businesses (SOBs). *Salt Lake City Code*  5.02.020;
> *Utah Code 10-8-41.5.*

> County of Salt Lake ("Yoshinaga"). He is sued in his official
> capacity only. Yoshinaga is responsible for overseeing the
> business licensing in Salt Lake County which includes Sexual
> Oriented Businesses (SOBs). *Salt Lake County Code 5.01.030;
> Utah Code 10-8-41.*[39]

And, additionally at paragraph thirty-three (33):

> Berg, Allred, and Yoshinaga are compelled to not issue business
> licenses for those businesses deemed "illegal" and therefore
> hinders Plaintiff's attempts from obtaining a license to try to
> amend State, County, and City laws surrounding houses of
> prostitution.[40]

Together, these allegations are insufficient to establish standing. In their official

capacities, Allred and Yoshinaga oversee aspects of business licensing for Salt Lake City and

Salt Lake County. Greer, however, does not allege that he applied for, or was denied, a business

license by either. No substantive allegations are raised and there is no concrete or particularized

---

[39] Dkt. No. 55, ¶¶ 15, 16.

[40] Dkt. No. 55, ¶33.

injury alleged.[41] Without an injury, causal connection[42] or redressability, Greer cannot

demonstrate standing and Allred and Yoshinaga's motions to dismiss are granted.

### 4.    Greer Has Standing To Bring Claims Against County Defendant Gill and State Defendants Herbert, Reyes and Berg.

Greer demonstrates standing to bring claims against Defendant Salt Lake

County District Attorney Sim Gill and State Defendants Governor Gary Herbert, Attorney

General Sean Reyes and Director of the Division of Commerce, Kathy Berg.

#### a.    Pre-Enforcement Challenge

As discussed, Article III standing limits federal court jurisdiction to clearly defined cases

and controversies where a plaintiff's injury is "actual or imminent, not conjectural or

hypothetical."[43] That said, a plaintiff is not required to "await the consummation of threatened

injury to obtain preventive relief."[44] Indeed, in order to establish injury under a pre-enforcement

challenge to the constitutionality of a criminal statute, a plaintiff must show: "(1) an intention to

engage in a course of conduct arguably affected with a constitutional interest, but proscribed by

[the challenged] statute, and (2) [the existence of] a credible threat of prosecution thereunder."[45]

A credible threat of prosecution exists when the challenged statute prohibits conduct that

---

[41] *Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998).

[42] *Id.* 137 F.3d at 1202 (standing doctrine requires a "causal connection between the injury and the conduct complaint of" that is "fairly traceable to the actions of the defendant.").

[43] *Lujan,* 504 U.S. at 560.

[44] *Babbit v. UFW Nat'l. Union,* 442 U.S. at 298 (*citing Pennsylvania v. West Virginia,* 262 U.S. 553, 593, 43 S. Ct. 658, 67 L. Ed. 1117 (1923).

[45] *Colo. Outfitters Ass'n. v. Hickenlooper,* 823 F.3d 537, 545 (10th Cir. 2016); *United States v. Supreme Court,* 839 F.3d 888, 901 (10th Cir. 2016) (pet. for cert. filed June 6, 2017) (*citing D.L.S. v. Utah,* 374 F.3d 971, 975 (10th Cir. 2004) (requiring an "objectively justified fear of real consequences").

plaintiff "wishes to engage [in], and the state has not disavowed any intention of invoking the . . . provision" against plaintiff.[46]

### b. Gill[47]

County District Attorney Sim Gill does not dispute that he possess authority to enforce Utah's criminal prostitution laws,[48] and he provides no assurances that Greer will not be prosecuted thereunder.[49] Rather, the thrust of Gill's argument is that any felony prosecution is too speculative to support standing since it would require two prior prostitution convictions, solicitation of a child, or solicitation in unincorporated Salt Lake.[50]

Greer has not been threatened with arrest or prosecution under Utah's Prostitution and Brothel laws. Nonetheless, he asserts an objective fear of prosecution "if he continues to engage in sexual activity for hire."[51] The court lacks information on the regularity of the statutes' enforcement. However, any assertion that enforcement is too speculative is undermined by the

[46] *Supreme Court*, 839 F.3d at 901 (*citing Babbitt* 442 U.S. at 298).

[47] *See* Dkt. No. 43 (conceding "Plaintiff may have standing to pursue claims against [Gill] based on fear of arrest and prosecution for soliciting prostitution . . . .").

[48] *See e.g., Socialist Workers Party v. Leahy,* 145 F.3d 1240, 1248 (11th Cir. 1998) ("where the plaintiff seeks a declaration of the unconstitutionality of a state statute and an injunction against its enforcement, a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue.").

[49]*See Babbitt*, 442 U.S. at 302 (threat of prosecution credible where the state "has not disavowed any intention of invoking the. . . provision" against plaintiff.).

[50] Patronizing a prostitute is a misdemeanor offense prosecuted by the City. UCA §§76-10-1303, 76-10-1308, 10-03-928(2). However, patronizing a prostitute is charged as a felony, and prosecuted by the County District Attorney's Office, if it is a third offense or the prostitute is a minor. *Id.* In addition, the County District Attorney's Office is charged with prosecuting felonies within the county as well as misdemeanors that occur within the unincorporated county. *See* UCA §17-18a-401.

[51] Dkt. No. 55, ¶¶8, 58. Even though Greer has "gone a year" without intimacy, standing can still be established based on a credible threat that "such behavior, if taken in the future, would be prosecuted." *Bronson v. Swenson*, 500 F.3d 1099, 1108 (10th Cir. 2007) (*referencing Medimmune, Inc. v. Genentech, Inc.,* 127 S. Ct. 764, 772-76 , 166 L. Ed. 2d 604 (2007).

absence of any geographical limits on Greer's future "engagements" or solicitations. Absent

parameters, it is possible that Greer's engagements will occur in unincorporated Salt Lake, an

area where the District Attorney is charged with prosecuting felony and misdemeanor crimes.[52]

Accordingly, under the somewhat loosened pre-enforcement requirements Gill has authority to

enforce the laws and a credible threat of prosecution exists that is sufficient to support

standing.[53]

### c. Herbert, Reyes and Berg

State Defendants Herbert, Reyes and Berg concede that Greer has standing to bring his

claims against them. Berg denied Greer's business registration for TMHN,[54] and Herbert and

Reyes are responsible for promulgating and enforcing Utah's Prostitution and Brothel laws.

Given the possibility that Greer may engage in the proscribed conduct in the future, a credible

threat of enforcement and prosecution exist.

---

[52] *See* UCA §17-18a-401.

[53] In so ruling, the court declines to adopt the State's argument that Greer's case is only "a challenge to the ability to open a brothel and not a challenge to the legality of being able to solicit prostitutes more generally, . . ."(Dkt. No. 60 at 9.) Indeed, Plaintiff challenges the constitutionality of Utah Code Ann. §76-10-1302(b) which criminalizes "the generalized legality of prostitution" when meeting at "an arranged place" for the purpose of sexual activity in exchange for a fee or the functional equivalent of a fee. UCA §76-10-1302(b).

Additionally, the court finds Gill's ripeness argument unpersuasive, noting that contingent future events are always at issue in a pre-enforcement matter. *See Thomas v. Anchorage Equal Rights Comm'n.,* 220 F.3d 1134, 1138-39 (9th Cir. 2000) (*stating* "[t]he overlap between [ripeness and standing] has led some legal commentators to suggest that the doctrines are often indistinguishable") (*citing* Erwin Chemerinsky, *A Unified Approach to Justiciability,* 22 Conn. L. Rev. 677, 681 (1990); *see also Awad v. Ziriax,* 670 F.3d 1111, 1124 (10th Cir. 2012) (*quoting Am. Civil Liberties Union v. Johnson,* 194 F.3d 1149, 1154 (10th Cir. 1999) ("If a threatened injury is sufficiently imminent to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied.").

[54] *See Kitchen v. Herbert,* 775 F.3d 1193, 1201 (10th Cir. 2014) (holding plaintiffs possessed standing after being denied a license because, in part, the plaintiffs "identified several harms that flow[ed] from th[at] denial."); *see also* Utah Code Ann. §42-2-5.

## II.     42 U.S.C. § 1983

Section 1983 creates a federal cause of action to vindicate violations of constitutional law

by individuals acting "under color of state law."[55] Specifically, §1983 provides a remedy against:

> Every person who, under color of any statute, ordinance, regulations,
> custom, or usage, of any State . . . subjects or causes to be subjected
> . . . to the deprivation of any rights, privileges or immunities secured
> by the Constitution and Laws . . . .[56]

Standing alone, the statute does not create substantive civil rights. Instead, the statute serves as a

procedural mechanism for enforcement of existing federal and constitutional rights.[57]

In the context of a civil rights action against multiple governmental actors, liability is

predicated on each defendant's personal involvement in the constitutional violation.[58] It is of

particular importance "that the complaint make clear exactly who is alleged to have done what to

whom, [in order] to provide each individual with fair notice as to the basis of the claims against

him or her."[59] Specifically,

> When various officials have taken different actions with respect to a
> plaintiff, the plaintiff's facile, passive-voice showing that his rights
> "were violated" will not suffice. Likewise insufficient is a plaintiff's
> more active-voice yet undifferentiated contention that "defendants"
> infringed his rights.[60]

[55] *See* 42 U.S.C. §1983.

[56] *Id*.; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

[57] *Wyatt v. Cole,* 504 U.S. 158, 161, 112 S. Ct. 1827, 1830, 118 L. Ed. 2d 504 (1992) ("The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

[58] *See Pahls v. Thoms*, 718 F. 3d 1210, 1225-56 (10th Cir. 2013).

[59] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013) (*citing Robbins v Oklahoma,* 519 F.3d 1242, 1250 ) (10th Cir. 2008).

[60] *Pahls,* 718 F.3d at 1225-26 (*citing Tomkovich v. Kan. B. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998).

To survive dismissal for failure to state a claim, a §1983 plaintiff must allege a: "(1) violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused, (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia."[61]

As set forth herein, Plaintiff does not assert violations of constitutional rights secured under the First, Fifth and Fourteenth Amendments.[62] Because Utah's Prostitution and Brothel laws are constitutional sound, they cannot serve as the grounds for redress of Greer's §1983 claims.[63]

## III.    UTAH'S STATUTES ARE CONSTITUTIONAL

Greer mounts several constitutional challenges to Utah's Prostitution and Brothel laws claiming violations of (1) the right to sexual privacy, (2) equal protection of the laws, (3) the right to earn a living, (4) freedom of association, (5) Article 1, Section 7 of the Utah Constitution, and (6) prohibitions on vagueness.[64]

As explained herein, the challenged provisions are constitutionally sound and Defendants Gill, Herbert, Reyes and Berg's motions to dismiss for failure to state a claim are granted.  In addition, Greer's failure to establish a violation of rights protected under the

---

[61] *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005) (*citing Summum v. City of Ogden,* 297 F.3d 995, 1000 (10th Cir. 2002) (quotation omitted).

[62] Dkt. No. 55.

[63] *Auvaa v. City of Taylorsville,* 506 F. Supp. 3d 903, 909-10 (D. Utah 2007) (*quoting Stidham v. Peace Officer Standards and Training,* 265 F.3d 1144, 1157) (10th Cir. 2001) (a §1983 plaintiff must "show an affirmative link between a defendant's conduct and a constitutional violation, and that affirmative link must be alleged in the complaint as well as proven at trial.").

[64] *See* Utah Code Ann. §§76-10-1302(1)(b), 76-10-1303(1)(b), 76-10-1304(1)(iii), 76-10-1305(a)(e) and  47-1-1.

Constitution also serves as an alternative holding for granting Defendants Biskupski, McAdams, Allred and Yoshinaga's motions to dismiss.[65]

      1.     **<u>Facial And As-Applied Challenges</u>.**

A party may challenge the constitutionality of a statute under a facial challenge, an as-applied challenge or both.[66] More specifically,

> [a] facial challenge is a head-on attack [on a] legislative judgment, an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications.
>
> In contrast, an as applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case.[67]

The distinction between facial and as-applied challenges is murky. One is not always categorically distinct from the other and the line of demarcation may be fluid.[68] At first blush, Greer's claims exhibit characteristics of both facial and as-applied challenges; Plaintiff titles his challenges "As Applied,"[69] yet the body of the claims reference application to "many persons in Utah."[70]

---

[65] *See supra*, pg. 10-12.

[66] *See Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1118 (10th Cir. 2008).

[67] *United States v. Supreme Court*, 839 F.3d 888, 907 (10th Cir. 2016) (internal citation and quotation omitted); *see also N.M. Youth Organized v. Herrera*, 611 F.3d 669, 677 n. 5 (10th Cir. 2010) ("'[An] 'as applied' challenge to a law acknowledges that the law may have some potential constitutionally permissible applications, but argues that the law is not constitution as applied to [particular parties].''); *United States v. Salerno,* 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.").

[68] *See Am. Fed'n. of State, Cty. & Mun. Emps. Council 79 v. Scott,* 717 F.3d 851, 865 (11th Cir. 2013).

[69] Dkt. No. 55*, ¶¶ 90, 96, 98, 103, 105.

[70] Dkt No. 55, ¶¶111, 117.

When characteristics of both challenges are present, the court may consider other guiding tenets.[71] First, labels that "the parties attach to claims are not determinative."[72] Thus, Greer's "as applied" designations are not dispositive of the inquiry. Second, "the court must focus on whether the claim *and the relief therein* extend beyond the plaintiffs' particular circumstances"[73] Third, if the claim and relief extend beyond the plaintiff, "facial standards are applied but only to the universe of applications contemplated by plaintiffs' claim, not to all conceivable applications contemplated by the challenged provision."[74]

As set forth below, the court applies the appropriate "analytical construct" in conjunction with its consideration of Greer's constitutional challenges to Utah's Prostitution and Brothel laws.

### 2. **Plaintiff's Fourteenth Amendment Substantive Due Process Claim For The Right To Sexual Privacy.**

While labeled "[a]s [a]pplied," Plaintiff actually asserts a violation of "many individuals'" substantive due process rights and raises a facial objection.[75]

The Due Process Clause extends constitutional protections to fundamental rights and freedoms protected under the Bill of Rights.[76] Fundamental rights are "deeply rooted in this

---

[71] *Supreme Court,* 839 F.3d at 914 (10th Cir. 2016).

[72] *Id.* at 914. *See also Doe v. Reed,* 561 U.S. 186, 194, 130 S. Ct. 2811, 177 L. Ed. 2d 493 (2010) ("The label is not what matters.").

[73] *Id.* (Emphasis added).

[74] *Id.*

[75] Dkt. No. 55, ¶96. *See Discount Tobacco City & Lottery, Inc. v. United States,* 674 F.3d 509, 522 (6th Cir. 2012) (*quoting Reed,* 561 U.S. at 194).

[76] *Kitchen v. Herbert*, 755 F.3d 1193, 1208 (10th Cir. 2014) (*quoting Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997) (internal quotations omitted).

Nation's history and tradition . . . , such that neither liberty nor justice would exist if [the liberties] were sacrificed."[77]

### a. The Relationship Between Prostitute And Client Is Not A Fundamental Right Protected By The Due Process Clause.

Any fundamental rights analysis involves consideration of plaintiff's "careful description of the asserted fundamental liberty interest" along with its historical roots.[78] Fundamental constitutional protections have been afforded to personal decisions and relationships such as "marriage, procreation, contraception, family relationships, child rearing, and education."[79] Similar protections have not been extended to the relationship between a prostitute and client.

In support of his claim, Greer asserts sex in brothels is deeply rooted in this nation's history.[80] Additionally, Plaintiff points to the "ambiguity" surrounding the Supreme Court's ruling in *Lawrence v. Texas*, striking down Texas' law prohibiting homosexual sodomy.[81] Admittedly, the nature of rights protected under *Lawrence* is imprecise. Nonetheless, the *Lawrence* court acknowledged the case "does not involve . . . prostitution."[82] Further, the Supreme Court's holding has not been interpreted as creating "a liberty interest that invalidates

---

[77] *Id.* 755 at 1208-09 (*citing Glucksberg*, 521 U.S. at 720-21) (quotations omitted).

[78] *Chavez v. Martinez,* 538 U.S. 760, 775-76, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2002).

[79] *Carey v. Population Services International,* 431 U.S. 678, 684-686, 52 L. Ed. 2d 675, 97 S. Ct. 2010 (1977).

[80] Dkt. No. 55, ¶91.

[81] Dkt. No. 61 at 19; *See Lawrence v. Texas,* 539 U.S. 558, 578, 123 S. Ct. 2472, 156 L. Ed. 2d 508  (2003).

[82] *Lawrence,* 539 U.S. 558 at  578 .

laws criminalizing prostitution."[83] Without a fundamental liberty interest, rational-basis review applies.[84]

> **b.** **Utah's Laws Criminalizing Prostitution Are Rationally Related To Legitimate Government Interests.**

Under rational review a statute must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."[85] Review is highly deferential to state action and the burden is on plaintiff "to negate every conceivable basis which might support" the legislation.[86]

Utah's Prostitution and Brothel laws rationally relate to legitimate governmental interests. In reaching this conclusion, the court takes judicial notice of the harms of prostitution as determined by other federal courts.[87] Legitimate harms of prostitution include an interest in

---

[83] *See Erotic Service Provider Legal Education & Research Project v. Gascon,* 880 F.3d 450, 456 (9th Cir. 2018); *See e.g. Doe v. Jindal,* 851 F. Supp. 2d 995, 1000 n. 11 (E.D. La. 2012) ("*Lawrence* does not speak to the solicitation of sex for money, and has little precedential force here."); *United States v. Thompson,* 458 F. Supp. 2d 730, 732 (N. D. Ind. 2006) ("it would be an untenable stretch to find that *Lawrence* necessarily renders (or even implies) law prohibiting prostitution . . . unconstitutional"); *State v. Thomas,* 891 So. 1223, 1236 (La. 2005) ("[T]he majority opinion in *Lawrence* specifically states the court's decision does not disturb state statutes prohibiting public sexual conduct or prostitution.").

[84] *FCC v. Beach Commc'ns.,* 508 U.S. 307, 313, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993) (upholding statute under rational basis review "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."); *see also Teigen v. Renfrow,* 511 F.3d 1072, 1083 (10th Cir. 2007) (upholding statute that is "rationally related to a legitimate government purpose or end."). If a fundamental liberty interest is involved, strict scrutiny applies; *Shapiro v. Thompson,* 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969).

[85] *Beach Commc'ns, Inc.,* 508 U.S. at 313 (1993); *see also Allright Colorado, Inc. v. City & Cty. Of Denver,* 937 F.2d 1502, 1512 (10th Cir. 1991) (quotation omitted).

[86] *Heller v. Doe,* 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993) (internal quotation marks omitted).

[87] A court is required to convert a motion to dismiss to a motion for summary judgment if it considers matters that are outside the scope of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). But, a court is not required to convert a motion to summary judgment based upon its consideration of public records for which the court takes judicial notice. *See Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) ("facts subject to

deterring the commodification of sex,[88] along with findings that support a connection between

prostitution and trafficking in women and children,[89] violence against women,[90] illegal drug

use[91] and sexually transmitted diseases.[92]

Greer maintains criminalizing prostitution actually places individuals at greater risk of

contracting a sexually transmitted disease or becoming the victim of a crime, and therefore no

rational basis exists.[93] The issue, however, is not whether Greer's basis or the basis offered by

the State is more rational. Rather, the question is whether Utah's Prostitution and Brothel laws

further a legitimate purpose.[94] Here, they do. Commercial sex is not a fundamental right and

judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into
a motion for summary judgment.); *see also St Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d
1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take
notice of proceedings in other courts, both within and without the federal judicial system if those
proceedings have a direct relation to matters at issue.").

The State also asks the court to take judicial notice of the fact that forty-nine (49) of the fifty (50)
states in the United States have chosen to criminalize prostitution, with only Nevada leaving that decision
to the counties to decide.

[88] *See Coyote Publ. Inc. v. Mille,* 598 F.3d 592, 603 (9th Cir. 2010) (observing that the Thirteenth
Amendment "enshrines the principle that people may not be bought and sold as commodities," and
restrictions on prostitution stem from "an objection to their inherent commodifying tendencies—to the
buying and selling of things and activities integral to a robust conception of personhood.").

[89] *See Erotic Serv. Provider,* 880 F.3d at 457 (*citing Coyote Publ'g Inc.,* 598 F.3d at 600 (9th Cir.
2010) and Bureau of Justice Statistics, U.S. Dep't. of Justice, *Characteristics of Suspected Human
Trafficking Incidents,* 2008-2010 1, 3 (April 2011).

[90] *See Id.* at 457-58 (*citing United States v. Carter,* 266 F.3d 1089, 1091 (9th Cir. 2001) and
*Commercial Sex: Beyond Decriminalization*, 73 S. Cal. L. Rev. 523, 533 n. 47-48 (2000).

[91] *See Id.* at 458 (*citing Colacurio v. City of Kent,* 163 F.3d 545, 554, 556 (9th Cir. 1998) and Amy
M. Young, et al., *Prostitution, Drug Use, and Coping with Psychological Distress,* J. Drug issues 30(4),
789-800 (2000).

[92] *Id.* at 458.

[93] Dkt. No. 55, ¶92; Dkt. No. 61 at 10.

[94] *Allright Colorado, Inc.,v. Denver,* 937 F.2d 1502, 1512 (10th Cir. 1991).

Utah's laws prohibiting prostitution and the operation of brothels are supported by a rational basis.

###### 3.    Claim Two: Plaintiff's Fourteenth Amendment Equal Protection Claim For Same End Goal of Intimacy.

The Equal Protection Clause of the Fourteenth Amendment mandates that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[95] Equal protection requires the laws to afford similarly situated people like treatment.[96]

Greer concedes Utah's Prostitution and Brothel laws are neutral and apply to "all persons who engage in prostitution."[97] He argues, however, that the laws have a disparate impact on individuals with physical disabilities in violation of equal protection. Greer asserts disabled people "comprise a higher percentage of patrons who pay for [prostitution] services" and are therefore at a higher risk of being arrested for soliciting prostitutes.[98] As an individual with a disability, Plaintiff's claim contains aspects of both facial and as-applied challenges.[99] Yet, the relief requested affects the statute's application to the physically disabled. Accordingly, facial standards apply but only "to the universe of applications contemplated by plaintiff's claim."[100]

---

[95] U.S. Cons. Amend. XIV.

[96] *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 87 L. Ed. 2d 313, 105 S. Ct. 3249 (1985). A statute violates the equal protection clause "if it makes distinctions between the disabled and nondisabled without a rational justification."); *see also Thompson v. Colorado,* 278 F.3d 1020 (10th Cir. 2001) (*citing United States Dep't. of Agric. v. Moreno,* 413 U.S. 528, 37 L. Ed. 2d 782, 93 S. Ct. 2821 (1973).

[97] Dkt. No. 55, ¶102.

[98] Dkt. No. 55, ¶¶ 102, 105.

[99] *Cmpr.* Dkt. No. 55, ¶103 ("The As Applied sections") *with* Dkt. No. 55, ¶ 102 ("discrimination against disabled people").

[100] *Supreme Court,* 839 F.3d at 913 (10th Cir. 2016).

Assuming, as Greer has alleged, that Utah's Prostitution and Brothel laws have a disproportional effect on the disabled, "a neutral law that disproportionately impacts [a group] does not violate equal protection, . . . , unless that impact can be traced to a discriminatory purpose."[101] Greer does not allege any discriminatory purpose and therefore fails to raise an equal protection violation. And, even if alleged, any discriminatory purpose would need to support the unlikely contention that Utah's legislature enacted statutes prohibiting prostitution and brothels "because of, not merely in spite of" the laws' adverse effects on the disabled."[102] There is no fundamental right to solicit sexual services and Utah's Prostitution and Brothel laws bear a rational relation to legitimate government interests.[103]

### 4.   Claim Three: Violation of Plaintiff's Fourteenth Amendment Substantive Due Process Right To Earn A Living.

Greer's third constitutional challenge alleges Utah's Prostitution and Brothel laws violate the Fourteenth Amendment right to "earn a living through one's chosen livelihood or profession" and to "follow any of the ordinary callings of life; to live and work where one will; and for that purpose enter into all contracts which may be necessary and essential to carrying out these pursuits."[104] Greer mounts a facial challenge on behalf of the "many persons" who seek to earn a living by engaging in the commercial exchange of sex.[105]

---

[101] *United States v. Williams,* 45 F.3d 1481, 1486 (10th Cir. 1995) (*citing United States v. Thurmond,* 7 F.3d 947, 953 (10th Cir. 1993).

[102] *See Thurmond,* 7 F.3d  947, 952 (10th Cir. 1993) (citing *Personnel Adm'r. v. Feeney*, 442 U.S. 256, 272, 99 S. Ct. 2282, 60 L. Ed. 2d 870) (1979).

[103] *Romer v. Evans,* 517 U.S. 620, 631, 134 L. Ed. 2d 855, 116 S. Ct. 1620 (1996).

[104] Dkt. No. 55, ¶112.

[105] Dkt. No. 55, ¶111.

The language of Plaintiff's challenge is identical to that raised by plaintiffs in the Ninth

Circuit case *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, challenging the

constitutionality of a California statute criminalizing prostitution.[106] While recognizing a

fundamental right to make contracts and earn a living, the Ninth Circuit ultimately concluded

"there is no constitutional right to engage in illegal employment, namely, prostitution" and

Plaintiff's claim fails.[107] Consistent therewith, Greer fails to state a claim for a violation of a

Fourteenth Amendment substantive due process right to earn a living through illegal

employment---prostitution.

### Claim Four: Violation of Plaintiff's First Amendment Right To Free Association.

Next, Greer raises a facial attack on Utah's Prostitution and Brothel laws, claiming the

statutes violate "many persons" rights to the freedom of association as secured under the First

Amendment.[108]

"There are two distinct forms of freedom of association: (1) freedom of intimate

association, protected under the Substantive Due Process Clause of the Fourteenth Amendment;

and (2) freedom of expressive association, protected under the Freedom of Speech Clause of the

First Amendment." [109] As an initial matter, Greer does not assert that the association between a

prostitute and client is expressive. Further, Utah's Prostitution and Brothel laws do not

---

[106] *Erotic Service Provider,* 880 F.3d at 454 (*citing* Cal. Penal Code §647(b)).

[107] *Id.* at 459; *see Lowe v. S.E.C.,* 472 U.S. 181, 228, 105 S. Ct. 2557, 86 L. Ed 2d 130 (1985) ("It is undoubtedly the right of every citizen of the United States to follow any lawful calling, business or profession he may choose." (internal quotation and citation omitted).

[108] Dkt. No. 55, ¶117. Plaintiff mounts a facial challenge based on his objection to the laws on behalf of "many persons" and not just himself.

[109] *Erotic Service Provider*, (2018) (*citing Roberts v. U.S. Jaycees,* 468 U.S. 617-18, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984).

criminalize associating or meeting with a prostitute; they criminalize paying a prostitute for sex. This association is not protected. Thus, even though Greer frames his claim as a First Amendment issue, his allegations are actually rooted in a claim for violation of the substantive due process clause protecting "intimate" and highly personal associations.[110] As discussed, Greer's substantive due process claim fails because Utah's Prostitution and Brothel laws do not burden a fundamental right and are supported by a rational basis.[111]

### Claim Five: Violation Of Article I Section 7 Of The Utah Constitution

Plaintiff argues the statutes violate Article 1 Section 7 of the Utah Constitution by depriving him of his due process rights.[112]

Like its federal counterpart, Utah's due process clause provides that "[n]o person shall be deprived of life, liberty or property, without due process of law."[113] The Utah Supreme Court interprets the state due process clause consistent with Supreme Court case law interpreting the federal due process clause.[114] Accordingly, this court's analysis of Greer's "federal substantive

---

[110] *See* Dkt. No. 55, ¶116 ("the Constitution protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships."); *see also* Dkt. No. 55, ¶117 (challenging Utah's Prostitution and Brothel statutes as prohibiting the ability of "many persons in the State of Utah, . . . to enter into and maintain certain intimate and private relationships.").

*See also IDK Inc. v. County of Clark,* 836 F.2d 1185, 1192 (9th Cir. 1988) (noting the Supreme Court typically identifies the source of protection for highly personal relationships as the fourteenth amendment due process clause and not the first amendment freedom to assemble.).

[111] *See IDK,* 836 F.2d at 1193 (holding duration of relationship between prostitute and client does not support an intimate relationship).

[112] Dkt. No. 55, ¶121.

[113] Utah Const. Art. I, §7, *Jensen v. Cunningham,* 2011 UT 17, ¶71, 250 P.3d 465, 483.

[114] *Disability Law Ctr. v. Utah,* 180 F. Supp. 3d 998, 1013 (D. Utah 2016) (*citing Terra Utils. v. Public Serv. Comm'n.,* 575 P.3d 1029 (Utah 1978) ("Since the due process clause of our state Constitution (Article I, Section 7) is substantially similar to the Fifth and Fourteenth Amendments to the

due process claim applies with equal force to Plaintiffs' due process claim under the Utah

Constitution" and, as a result, Greer fails to state a claim for relief under Article I Section 7. [115]

### Claim Six: Violation Of Constitutional Prohibition On Vagueness

In 2017, the Utah legislature changed the term "house of prostitution" to "place of

prostitution," which it defines as:

> a place or business where prostitution or promotion of prostitution
> is arranged, regularly carried on, or attempted by one or more
> persons under the control, management, or supervision of another. [116]

Greer asserts the term "place of prostitution" is unconstitutionally vague because it[117]

arbitrarily allows law enforcement "to go after obvious brothels, but not go after legal places that

may be practicing prostitution [i.e. strip clubs, massage parlors etc.] . . . ."[118] Utah Code Ann.

§76-10-1304(1)(iii) is the only criminal statute challenged by Plaintiff that is applicable to

operation of a brothel.[119]

Greer raises his challenge to the constitutionality of the statute in the context

of a pre-enforcement review. Pre-enforcement review amounts to a facial challenge since "no

one has been charged so the court cannot evaluate the statute as applied."[120] Moreover, because

federal Constitution, the decisions of the Supreme Court of the United States on the federal due process
clauses are highly persuasive as to the application of that clause of our state Constitution.").

[115] *Disability Law Ctr. v. Utah,* 180 F. Supp. 3d at 1013.

[116] Dkt. No. 55, Utah Code Ann. §76-10-1301(3).

[117] Dkt. No. 55, ¶117.

[118] Dkt. No. 55, ¶127.

[119] The other Utah Prostitution and Brothel statutes pertain to personal solicitation or exploitation
of prostitutes and are not encompassed within Greer's vagueness challenge. *See* UCA §76-13-1302(1)(b),
UCA §76-10-1303(1)(b) and UCA §76-10-1305(1)(a)(e). Moreover, the "definitions" referred to in Title
76 of Utah's Criminal Code do not have any application to Title 47 Nuisances or UCA §41-1-1.

[120] *United States v. Gaudreau*, 860 F.2d 357, 360 (10th Cir. 1988).

Greer's challenge does not implicate any conduct protected under the First Amendment,[121] the statute is reviewed "on its face as unduly vague in violation of due process."[122] To demonstrate that the law is impermissibly vague, it must be "vague in all of its applications."[123]

Vagueness is rooted in the due process clause of the Fifth Amendment which guarantees that "[n]o person shall . . . be deprived of life, liberty or property without due process of law."[124] A statute is impermissibly vague if "it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement."[125] When reviewing a statute for vagueness, "courts must indulge a presumption that it is constitutional, and the statute must be upheld unless the court is satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution"[126]

---

[121] *See Gaudreau*, at 361 ("[A] statute may be challenged on its face when it threatens to chill constitutionally protected conduct, especially conduct protected by the First Amendment.").

[122] *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 498, 102 S. Ct. 1186, 71 L.Ed.2d 362, (1982).

[123] *Id.* at 495; *see Free Speech Coalition v. Gonzales,* 483 F. Supp. 2d 1069, 1078 (D. Colo. 2007) (holding that because the "regulation does not implicate a substantial amount of constitutionally protected conduct, and since it comes in a pre—enforcement context" the *Hoffman Estates* analysis applied); *But see United States v. Moesser,* 2010 U.S. Dist. LEXIS 123271 *33-34 (10th Cir. 2010) ("while the Supreme Court has not expressly overturned its prior rule permitting facial vagueness claims outside of a First Amendment context, it is clear that since Justice Scalia's in-depth discussion of the issue, . . . , the Court has shifted away from allowing such challenges and now favors only permitting facial vagueness challenges when First Amendment protections are involved.")

[124] U.S. Cons. Amend. V.

[125] *Jordan v. Pugh*, 425 F.3d 820, 824-25 (10th Cir 2005); *see also United States v. Corrow*, 119 F.3d 796, 802 (10th Cir. 1997).

[126] *United States v. Day,* 223 F. 3d 1225, 1228 (10th Cir. 2000) (*citing Brecheisen v. Mondragon*, 833 F.2d 238, 241 (10th Cir. 1987).

Upon review, the statute is clearly designed to regulate prostitution and includes a specific standard for enforcement; namely, whether the "place" in question is "used for prostitution or the promotion of prostitution."[127] The law provides fair warning of what is proscribed, and in the pre-enforcement context there is no allegation that the statute has been enforced in a discriminatory manner. Further, while a business that holds itself out as a "brothel" may be a more obvious target for prosecution, the statute provides a clear enforcement standard that does not encompass otherwise legal businesses. Consequently, the language of the statute "is sufficiently clear that the speculative danger of arbitrary enforcement does not render the ordinance void for vagueness."[128]

## IV.    RULING & ORDER

At its core, Greer's action stems from an impassioned belief that Nevada's system of regulating prostitution and brothels is superior to Utah's laws criminalizing prostitution. While engaging, Greer's policy based claims do not control and it is not the role of this court "to weigh the wisdom of the legislation."[129] Utah's Prostitution and Brothel laws are rationally related to legitimate governmental interests, and any claim that the laws are antiquated and out of line with popular convictions is a policy based argument that is appropriate for consideration by the legislature, not the courts.

For the reasons set forth in this decision, the City, County and State Defendants' motions are granted, and Greer's amended complaint is dismissed with prejudice.

---

[127] Utah Code Ann. §76-10-1304(1)(iii).

[128] *Hoffman Estates,* 455 U.S. at 503.

[129] *Bensing v. United States,* 551 F.2d 262, 265 (10th Cir. 1977).

**DATED**:  May 8th , 2018.

**BY THE COURT:**

_____
Dustin B. Pead
U.S. Magistrate Judge

# United States District Court

## District of Utah

RUSSELL G. GREER,

Plaintiff

v.

### GARY R. HERBERT,

Defendant

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:16-cv-01067

IT IS ORDERED AND ADJUDGED that Plaintiff's Amended Complaint is dismissed with prejudice.

May 8, 2018

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

# CERTIFICATE OF DIGITAL SUBMISSION

In accordance with Rule 32(a)(7)(g) of the Federal Rules of

Appellate Procedure

1.   All required redactions have been made;

2.   The ECF submission is an exact copy of the hard copies to be

filed with the Clerk; and

3.   The ECF submission was scanned for viruses using IBM

BigFix Client last update April 17, 2018, which indicates

that the submission is free of viruses.

Respectfully submitted this 4th day of October 2018.

/s/ Iris Pittman
Iris Pittman

## CERTIFICATE OF SERVICE

I certify that on October 4th, 2018, I filed and served the foregoing

Appellee's Supplemental Appendix by submitting a digital copy through

the appellate CM/ECF system, and (in addition to service on registered

ECF users through the CM/ECF system) by causing one copy to be sent

by first-class mail to the following:

Stanford Purser
Tyler R. Green
Lance Sorenson
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
*Attorney for Defendant Salt Lake City*

was sent via first class mail, postage prepaid, to the following:

Russell Greer
6337 South Highland Drive, #209
Holladay, UT 84121
*Pro Se*