Appeal No. 18-4075

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

*RUSSELL G. GREER*,

*Appellant*,

v.

*GARY R. HERBERT*, in his individual capacity as Governor of the State of Utah; *SEAN D. REYES*, in his official capacity as Attorney General of the State of Utah; *SIM S. GILL*, in his official capacity as District Attorney of the City and County of Salt Lake; *JACKIE BISKUPSKI*, in her official capacity as Mayor of the City of Salt Lake, *BEN MCADAMS*, in his official capacity as Mayor of the County of Salt Lake, *KATHY BERG*, in her official capacity as Director of the Division of Commerce; *JAMES ALLRED*, in his official capacity as Business Licensing Manager for the City of Salt Lake; *ROLEN YOSHINAGA*, in his official capacity as Director of Planning and Development of the County of Salt Lake,

*Appellees*.

**On Appeal from the United States District Court for the District of Utah, No. 2:16-cv-01067-DBP**
**Magistrate Judge Dustin Pead, Presiding**

**REPLY BRIEF OF APPELLANT**

**ORAL ARGUMENT REQUESTED**

> Russell Greer
> 6337 South Highland Dr.
> #209
> Salt Lake City, Utah 84121
> russmark@gmail.com
> 801-895-3501
> Pro Se Litigant

Dated:     October 14th, 2018

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... 2

TABLE OF AUTHORITIES ............................................................................ 3

ARGUMENT……………………………………………………………………….4

    1. GREER'S CLAIMS ARE CONSTITUTIONALLY PROTECTED….4

        A. As Applied Arguments were Found in the Context of Plaintiff's Complaint…………………………………………………………………..4

        B. Greer appealed the actual basis of the district court's ruling….6

        C. Fundamental Rights Do Not Need to Be Rooted in History......6

        D. Trend of Approval for Regulation of Prostitution……………..9

        E. Defendants Ignore Equal Protection Arguments……………….10

CONCLUSION……………………………………………………………12

ORAL ARGUMENT STATEMENT………………………….:………13

CERTIFICATE OF SERVICE……………………………………………13
CERTIFICATE OF COMPLIANT………………………………………14

# TABLE OF AUTHORITIES

**Cases**

*ESLERP v. Gascon* (9th Cir. 2018)…………………………………………….4

*Coyote Publishing v. Miller* (9th Cir. 2010)……………………………..4

*Prostitution Policy, Morality and the Precautionary Principle.* University of Leeds. (2016)………………………………………………………………6

*Obergefell v. Hodges*, No. 14-556. (2015)……………………………..6

*Impact of Recreational Sex on Sexual Satisfaction and Leisure Satisfaction.* Electronic Journal of Human Sexuality, Volume 13. (March 13, 2010)...................6

*Eisenstadt v. Baird* (1972). ……………………………………………7

*Reliable Consultants v. Earle* (5th Circuit 2008)……………………….7

*Witt v. Dep't of the Air Force*, 527 F.3d 806, 813 (9th Cir. 2008)………..7

*Lawrence v. Texas* (2003)……………………………………………7

*Sexual Politics from Barnard to Las Vegas.* University of Nevada, Las Vegas. Barbara Brents. (2008)……………………………………………….8

*Inside Nevada's Moonlite Bunny Ranch: Come for the sex. Stay for the negotiation skills.* QZ Magazine. (2016). (Says that a common way legal prostitutes refuse customers is by quoting a price higher than the person can afford).

*Were There Sex Shops in the Time of George Washington?* Slate. (2009). (https://slate.com/news-and-politics/2009/03/sex-shops-in-colonial-america.html)....5

*Hawaii Bill Would Legalize Prostitution Industry.* Honolulu Star/Advertiser. (2017). (http://www.staradvertiser.com/2017/02/03/breaking-news/hawaii-bill-would-legalize-prostitution-industry/)..................................................................................10

*Public Opinion on Prostitution: Trends, Comparisons, and Models.* National Opinion Research Center University of Chicago. (1998)……………………………………10

# ARGUMENT

### I. GREER'S CLAIMS ARE CONSTITUTIONALLY PROTECTED

Appellees argue that this case isn't about the criminalization of sex — they say that it's about the legality and constitutionality of money for sex. They gloss over three important aspects of this case: (1) this case is about obtaining sex through commercial means because Appellant has been unable to obtain sex non-commercially; (2) this case is about whether there is more protection in a regulated environment than broadly (facially); (3) this case is about the unequal, arbitrary nature of prosecuting commercial sex, yet not prosecuting similar conduct that has a quid pro quo effect. These are three important factors that the district court incorrectly analyzed and the Appellees have failed to give a coherent rebuttal to.

Amidst the insults and the false statements that the Appellees made, Appellant Greer reaffirms that his arguments fall within the protections of the Constitution. As a note of reference, Greer was only served the County's Brief. He never received the State's Brief in time for his Reply. Regardless, his arguments apply to both the County and the State, though, he is only going off of what the County had in their Brief, as he has not received the State's arguments through the mail or electronically.

### A. As Applied Arguments were Found in the Context of Plaintiff's Complaint.

The Appellees argue that "context matters", not labels. **Page 17.** Greer agrees and he clearly showed the context of his arguments were only applied to potential licensed brothels. While Appellees assert that Judge Pead labeled the claims

of Greer as both Facial and As-Applied, they ignore that Judge Pead made a footnote that he was disregarding the State's assertion that Greer's claims were only applied to brothels. Greer addressed this in his Opening Brief. The State agreed with Greer's argument context that he was only arguing challenges pertaining to brothels. So for the district court to refuse to analyze the claims only to brothels, a true as applied analysis was not conducted because the context was there that the challenge only applied to brothels, but the district court refused to do such an analysis, which Greer has shown was wrong, in his Opening Brief.

In arguing that the subject matter of this case is settled law, the Appellees cite cases such as *ESLERP v. Gascon* (9th Cir. 2018) and *Coyote Publishing v. Miller* (9th Cir. 2010). Ironically, they **WILLFULLY IGNORE** key facts and statements of the cases: each case explicitly stated that the analysis was facial, meaning the Plaintiffs in those cases were challenging all of the laws in a broad factor of situations. Greer has stated to the contrary, time and again, that he is only challenging parts of the statutes at issue, not all of them, and that his situation and the relief he has asked for is only as applied to him and the business he sought to open. He stated in his Complaint how he didn't want his challenge to apply to all of the laws.

On Page 19, Appellees state that Greer makes "no application" for an As-Applied challenge. This is false. Greer clearly stated that being denied a license to open a brothel was the harm that gave him standing and what makes the challenge applied only to the laws forbidding brothels, now worded in legislation as "places of prostitution". As for mentioning others, Greer only mentioned other people to show a need for this since he has no co-plaintiffs or anybody writing amicus briefs on his

behalf. Again, if this was an error to put, he would like to amend that wording, if that would cure his challenge to only being as applied. This case is truly a case of first impression and the district court didn't attempt to conduct a narrow analysis, as discussed in the opening brief.

### B. Greer appealed the actual basis of the district court's ruling.

On Page 13 of County Appellees' Response, they chide Greer for introducing "alternative or additional arguments" in his Opening Brief and they say he isn't appealing the actual basis of the district court's ruling. Respectfully, this is another example of Appellees being ignorant and purposefully making the arguments confusing. Greer has not introduced additional or new or alternative arguments. Rather, he has responded directly to issues the district court wrongly dismissed and he explained how the district court was wrong in doing so.

### C. Fundamental Rights Do Not Need to Be Rooted in History

On Page 20, the Appellees state that fundamental rights must be rooted in history. In Greer's Complaint, he took the time to show a deeply rooted history of brothels in this country's history. Several Founding Fathers patronized prostitutes, particularly Benjamin Franklin, and there were notable brothels in colonial America in the cities of New York; Philadelphia; Charleston, S.C. and Newport, R.I. *Were There Sex Shops in the Time of George Washington?* Slate. (2009). (https://slate.com/news-and-politics/2009/03/sex-shops-in-colonial-america.html). Several states had enacted laws to legalize prostitution. As stated in the Complaint, it wasn't until the turn of the 20th Century that severe penalties began outlawing prostitution. This was in part due to a moral crusade, the same

one that prohibited alcohol for the first twenty years of the 20th Century. *Prostitution Policy, Morality and the Precautionary Principle.* University of Leeds. (2016).

Recent Supreme Court rulings, though, have found that history **isn't** essential in finding a fundamental right. "History and tradition guide and discipline the inquiry, but **do not** set its outer boundaries. When new insight reveals discord between the Constitution's central protections and a received legal structure, a claim to liberty must be addressed." *Obergefell v. Hodges*, No. 14-556. (2015). As for the claims that brothel conduct isn't fundamental because it doesn't fall within family rearing, Appellant properly addressed that in his Opening Brief.

It should be noted that recent studies have found that "procreational sex" is becoming less frequent of a reason people have sex. More and more studies are finding that "recreational sex" is becoming more common among people, especially college aged students, and happens with complete strangers who are not in a relationship. Thus, it proves it was the sex act *Lawrence* was protecting and not the relationship, when the majority wrote, "There is an increasing awareness in matters pertaining to sex." This falls into Greer's equal protection claims. *Impact of Recreational Sex on Sexual Satisfaction and Leisure Satisfaction.* Electronic Journal of Human Sexuality, Volume 13. (March 13, 2010).

Also, Appellant properly addressed why conduct should be found to be fundamental or held to rational basis with bite, thus it would be redundant to repeat here, especially considering page and word limitations. It is worth noting that Appellees remarked that the rational basis with bite cases were only decided the way they were because they involved "suspect classes". This obviously isn't true because

*Eisenstadt* involved an "unmarried couple" and *Reliable Consultants* involved sex toys. In both of these cases, and the other cases that did involve suspect classes, the courts didn't look to any distinction of class, rather they looked for "the liberty at stake." *Witt v. Dep't of the Air Force*, 527 F.3d 806, 813 (9th Cir. 2008) (holding that Lawrence required heightened scrutiny under the Due Process Clause). The sex toys case's reliance upon *Lawrence* proves this. And ironically, the Appellees failed to realize that a suspect class *is* involved with the current case: a disabled man wanting intimacy.

Further, the Appellees cite the 9th Circuit case of *I.D.K., Inc,* a case from 1988, on Page 25, to argue why an escort and a client relationship isn't constitutionally protected, with the main reasoning being such conduct is less than a certain amount of time. It is wrong to rely on this case for two reasons. In light of the decision of *Lawrence v. Texas* (2003), which protected casual sex and casual relationships, *I.D.K., Inc.* is no longer good law. This is manifested with courts tossing out fornication and sodomy charges between hook up partners, as mentioned in the Opening Brief. Appellees have failed to show how money changes acts between adults. If it can be "cordial", as the 9th Circuit asserts in *I.D.K.,* then how does money change that consent? One prominent brothel researcher comments that sex work in brothels is no less exploitive than "working at Wal-Mart." *Sexual Politics from Barnard to Las Vegas.* University of Nevada, Las Vegas. Barbara Brents. (2008).

Contrary to Appellees' citation of *I.D.K.*, sex workers in Nevada brothels, for example, can choose their clientele and refuse clients, which is proven by the mere fact that sex workers have refused to service Greer. *Inside Nevada's Moonlite Bunny Ranch:*

*Come for the sex. Stay for the negotiation skills.* QZ Magazine. (2016). (Says that a common way legal prostitutes refuse customers is by quoting a price higher than the person can afford). (https://qz.com/774206/how-to-negotiate-for-what-your-worth-according-to-the-women-of-the-famous-moonlite-bunny-ranch-brothel-in-nevada/). Secondly, *I.D.K.* did not involve the same fact pattern as the one here. That case had a facial challenge to all escorting, whereas this case only applies to a more narrow conduct in brothels. No case has ever argued protection exclusively to brothels, except this case. Going back to Appellees' earlier arguments: context matters. It certainly does and that's why it is unfair and contrary to the practice of law to apply cases that are not the same in context as this case is.

### D. Trend of Approval for Regulation of Prostitution.

On Page 21, Appellees argue that there is "no trend" in legalizing prostitution, by citing *Coyote, a* case that only pertained to the **advertising** of prostitution, which is more than a decade old. During that time between *Coyote* and this case, there have been significant trends in legalizing prostitution. The Hawaii legislature is considering a Bill to decriminalize prostitution. It was introduced by the Speaker of the House, but has not been assigned a date or time to vote upon. *Hawaii Bill Would Legalize Prostitution Industry.* Honolulu Star/Advertiser. (2017). (http://www.staradvertiser.com/2017/02/03/breaking-news/hawaii-bill-would-legalize-prostitution-industry/). Studies have found that acceptance for prostitution has increased in the past several decades and that support for prostitution is favored more when it is regulated in an "as-applied situation" than compared to facially. *Public Opinion on*

*Prostitution: Trends, Comparisons, and Models.* National Opinion Research Center University of Chicago. *(*1998*).*

Several human rights organizations have called for the decriminalization and the legalization of prostitution, namely Amnesty International, which says, "Evidence also suggests that decriminalization could be the best means to protect the rights of sex workers and ensure that these individuals receive adequate medical care, legal assistance and police protection." *Amnesty International Publishes Policy and Research on Protection of Sex Workers' Rights.* Amnesty.org. (2016). Other prominent groups have called for the legalization of prostitution, including the World Health Organization, UN Women, the Global Commission on HIV and the Law, the UN Special Rapporteur on the Right to Health, Human Rights Watch and the Open Society Foundations, among others.

Also, Canada, a common law system similar to the United States, struck down its country's prostitution laws on similar arguments that Greer has put forth, which shows rights can be found through the judiciary and that one doesn't need to go to the legislature to receive rights. *Bedford v. Canada (*SCC 2013). Though the ruling comes from a foreign jurisdiction, it is persuasive because the American and Canadian legal communities often turn to one another to see how they have come to conclusions on difficult issues. *Prostitution And The Right To Privacy: A Comparative Analysis Of Current Law In The United States And Canada.* University of Chicago Law Review. (2013). So it's dishonest to say there is no trend, when the facts show otherwise.

### E. Defendants Ignore Equal Protection Arguments.

The Appellees cannot say, on Page 27, that because "clear and controlling law exists", no robust consensus of persuasive authority is to be looked at. The cases they

cited all argued due process claims and first amendment claims. Greer listed a unique claim that the district court dismissed and didn't answer and that other cases never argued. The court dismissed Greer's equal protection claim pertaining to those who hook up with others for less than 8 hours without money or for something of value and the court didn't answer equal protection pertaining to similarly situated businesses. Greer, in his Opening Brief, addressed why the judge was wrong to dismiss his equal protection claims and gave solid arguments for them, namely that sex and sex access has been found to be a fundamental right and a right found under rational basis with bite, so therefore it would be a denial of equal rights to deny Greer those rights because he has to pay for it, which is as strong as a claim as being "unmarried" in *Eisenstadt*.

Because Greer has listed his disability as a reason he pays, he would fall into a suspect class as well. An equal protection claim can exist absent a due process right. *When Substantive Due Process Meets Equal Protection: Reconciling Obergefell And Glucksberg*. Lewis and Clark Law Review. (2017). Given the potential harm those face in prostitution and the lack of legal recourse they have, that would bolster equal protection claims, by looking to a robust consensus of persuasive authority. This was the argument the Supreme Court of Canada made when they struck down the prostitution laws. The Appellees mock such a theory, though, the Supreme Court has given clear guidance and example of doing so when faced with difficult decisions, as Greer has shown time and again. *Roper v. Simmons* (2005) (looked to international policy and laws with death penalty for minors), *Lawrence v. Texas* (2003) (looked to the United Nations and Europe).

# CONCLUSION

Based on the above arguments, the Court should reverse the district court's decision and remand for a trial to determine whether plaintiff can open a brothel to where he can protect those wanting protection and have intimacy for himself.

Respectfully submitted,

S/s Russell Greer
Russell Greer
6337 South Highland Drive
#209
Salt Lake City, Utah 84121

Dated: October 20th, 2018



## ORAL ARGUMENT STATEMENT

Appellant submits that oral argument is necessary because this appeal presents issues of exceptional importance:.

                                        s/s Russell Greer
                                        Russell Greer

### CERTIFICATE OF SERVICE:

I certify that on October 20th, 2018, a true and correct copy of *Appellant's Reply Brief* was emailed to the following:

Tyler Green, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
tylergreen@agutah.gov

Jackie Ramos: Counsel for County Defendants Gill, McAdams & Yoshinaga.
jmramos@slco.org

Catherine Brabson, Counsel for City Defendants Allred and Biskupski
Catherine.Brabson@slcgov.com



## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains **3,258** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using **Microsoft Office Word 2010** in **Times New Roman 14-point font**.

S/s Russell Greer

Russell Greer
6337 South Highland Drive
#209
Holladay, Utah 84121
russmark@gmail.com
801-895-3501
Pro Se Litigant

Dated: October 20th, 2018