FILED
United States Court of Appeals
Tenth Circuit

April 9, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUSSELL G. GREER,

    Plaintiff - Appellant,

v.

GARY R. HERBERT, in his official capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; KATHY BERG, in her official capacity as Director of the Division of Commerce,

    Defendants - Appellees,

and

JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake; BEN MCADAMS, in his official capacity as Mayor of the County of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development for the County of Salt Lake,

    Defendants.

No. 18-4075
(D.C. No. 2:16-CV-01067-DBP)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of

_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Pro se litigant Russell Greer appeals the dismissal of his declaratory action challenging Utah's laws criminalizing prostitution, solicitation, and the operation of brothels. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.  BACKGROUND

Mr. Greer sought to open a brothel in Utah, despite state laws criminalizing prostitution and solicitation, *see* Utah Code Ann. §§ 76-10-1302 through 1305, and declaring brothels a nuisance, *see id.* § 47-1-1. He claimed that due to a facial-paralyzing deformity and disability that prevents him from closing his lips, he is unable to have intimacy and sex unless he pays for it. Therefore, he applied for a business license for a brothel, but the initial approval for a business license was revoked because his registration was for an illegal business purpose.

Mr. Greer filed the underlying lawsuit seeking declaratory and injunctive relief, making various claims that the Utah statutes are unconstitutional. The parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c). The

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

magistrate judge dismissed the case for lack of standing and for failure to state a claim.[1]

## II. DISCUSSION

Mr. Greer first argues that the magistrate judge should have recused because his impartiality might be questioned. Mr. Greer contends that the magistrate judge's personal religious beliefs demonstrate that he could not be impartial in this matter.

Ordinarily, "[w]e review the denial of a motion to recuse for an abuse of discretion." *Bryce v. Episcopal Church in Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). But Mr. Greer did not seek recusal in the district court, and we generally do not consider matters not first presented to the district court. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). In any event, Mr. Greer's claim does not adequately establish grounds for recusal. *See Bryce*, 289 F.3d at 660 (holding "membership in a church does not create sufficient appearance of bias to require recusal"); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (stating that factors "which will not ordinarily satisfy the requirements for disqualification" include "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"). Thus, Mr. Greer has not demonstrated that the magistrate judge was required to recuse.

---

[1] Appellees Biskupskif, Allred, McAdams, and Yoshinaga were dismissed from this appeal, pursuant to orders issued on August 7, 2018, and September 11, 2018.

*Cf. Bryce*, 289 F.3d at 659 (stating that a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require" (internal quotation marks omitted)).

Mr. Greer assigns error to the magistrate judge's refusal to allow him to amend his complaint or to supplement it for a second time. He argues that amendment or supplementation should have been permitted "for any arguments [he] may not have listed clearly or coherently." Aplt. Opening Br. at 35. We decline to address this argument because it is conclusory and unsupported by evidence or legal authority. *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1370 (10th Cir. 2015) ("A brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority . . . ." (brackets and internal quotation marks omitted)); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (holding issues are inadequately briefed if they are supported only by "mere conclusory allegations with no citations to the record or any legal authority"). Mr. Greer's mere citation to the order granting in part and denying in part his motion to supplement the complaint is inadequate. *See* Aplt. Opening Br. at 35 (citing R. Doc. 53).

Mr. Greer advances several challenges to the magistrate judge's determination that his complaint, as supplemented, failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and that he lacked standing to sue on behalf of others. "We review de novo a district court's dismissal for lack of standing." *Am. Humanist Ass'n v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017).

Similarly, "[w]e review a Rule 12(b)(6) dismissal de novo." *Nixon*, 784 F.3d at 1368 (internal quotation marks omitted). In doing so, "[w]e accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to [Mr. Greer]." *Id.* (ellipsis and internal quotation marks omitted). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.*

We liberally construe Mr. Greer's pro se filings, but we do not act as his advocate. *See Garrett*, 425 F.3d at 840. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

Mr. Greer contends the magistrate judge erred in (1) holding that while he had standing to bring claims on his own behalf, he lacked prudential standing as an unestablished business owner to bring claims on behalf of others; (2) analyzing his challenges to the Utah statutes criminalizing prostitution as facial challenges, even though he argued that the statutes were unconstitutional as applied; (3) refusing to acknowledge that a reference to prostitution in *Lawrence v. Texas*, 539 U.S. 558 (2003), is non-binding dicta; (4) applying the wrong standard—rational basis, rather

than strict scrutiny or rational basis with bite—to Utah's statutes criminalizing prostitution; and (4) dismissing his equal-protection claims. Mr. Greer also argues that "a robust consensus of persuasive authority" supports his position. Aplt. Opening Br. at 34.

The magistrate judge provided a thorough explanation that we need not repeat here. We have reviewed the magistrate judge's Memorandum Decision and Order, along with the record, the controlling law, and the parties' arguments. We agree with the magistrate judge's analysis and thus do not adopt Mr. Greer's asserted authority to the contrary. We therefore affirm the dismissal of Mr. Greer's complaint, as supplemented, for substantially the same reasons stated in the magistrate judge's May 8, 2018 Memorandum Decision and Order.

### III.  CONCLUSION

The district court's judgment is affirmed.

                                      Entered for the Court

                                      Paul J. Kelly, Jr.
                                      Circuit Judge